**YOUNG, Mayor, et al. v. STATE ex rel. HUGHES et al.**

No. 13386.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 18, 1935.

Rehearing Denied Nov. 15, 1935.

B. D. Sartin, of Wichita Falls, for appellants.

W. E. Fitzgerald and Taylor, Muse & Taylor, all of Wichita Falls, for appellees.

BROWN, Justice.

This is a mandamus proceeding, properly brought in the district court of Wichita county to compel the board of aldermen of the city of Wichita Falls to call a recall election, the recall being urged against the mayor, John T. Young, and one alderman, Mack Taylor.

It is undisputed, and in fact agreed, that the two petitions, one for the recall of the mayor and the other for the recall of the said alderman, contained the required number of electors and are in proper form; that same were submitted to the clerk of the city of Wichita Falls, and by the clerk properly certified to the mayor and board of aldermen, but that instead of calling the election, as is provided for in the charter of the city of Wichita Falls, which city is known as a home rule city and operates under a charter adopted by the citizens thereof in accordance with the constitutional provisions governing such cities, a majority of the board of aldermen undertook and did appoint a committee to examine into the matter of the legality and sufficiency of the recall petitions, and, after receiving the committee's report, refused to call the election. Because of this action the mandamus proceeding was instituted in the district court, and up-

on a hearing the honorable district court rendered judgment issuing its mandate directed to the mayor and board of aldermen ordering them to call the election. The appeal is taken from such judgment.

In resisting the petition for a writ of mandamus, appellants urged the plea in abatement, asserting that the cause was moot under the city charter of Wichita Falls and under the laws of the state of Texas. This contention is based upon the provisions of the city charter, found in section 28, to wit: "Any such election shall be held not less than forty nor more than sixty days after the petition has been submitted to the Board of Aldermen, and it may be held at the same time as any other general or special election within such period; but if no such election is held within such period the Board of Aldermen shall call a special recall election to be held within the time aforesaid."

We do not believe that the delay in passing upon the petitions, which delay was brought about by the board of aldermen, renders the question moot. It is further contended that the question is moot under the decision of the Supreme Court in the case of Sterling v. Ferguson, 122 Tex. 122, 53 S.W.(2d) 753, but we do not find the reasoning in that case applicable to the case at bar. This court cannot judicially determine that it will be impossible for a final judgment to be rendered in this cause prior to April 1, 1936, or even before January 20, 1936, the first date being the date provided in the city charter for the regular election of a mayor and a board of aldermen. We therefore overrule the contention that the questions raised herein are moot.

In our opinion, a proper determination of this case rests upon the question of whether or not the charter of the city of Wichita Falls imposes the duty of determining the sufficiency of the petitions upon the clerk of that city rather than upon the board of aldermen. If the duty rests in and upon the clerk, then the conclusion must follow that the calling of the election by the board of aldermen is not a discretionary matter, but a ministerial duty whenever the clerk certifies to the board of aldermen that the recall petitions are sufficient.

Section 26 of the Charter of Wichita Falls is as follows: "All papers and af-

fidavits comprising a recall petition shall be assembled and filed with the clerk as one instrument, with a statement attached thereto giving the names and addresses of three electors, who, as a committee of the petitioners, shall be officially regarded as filing the petition. Within ten days of the date of filing a recall petition the clerk shall determine the sufficiency thereof and attach thereto a certificate showing the result of his examination. If he shall certify that the petition is insufficient he shall set forth in the certificate the particulars in which it is defective and shall at once notify the committee of the petitioners of his finding."

This section specifically provides that the clerk shall determine the sufficiency of the recall petition and attach thereto a certificate showing the result of his examination and further provides that if the clerk shall certify that the petition is insufficient, he shall set forth in his certificate the particulars in which it is defective, and shall at once notify the committee of the petitioners of his finding.

Section 28 of the Charter of Wichita Falls is as follows: "If a recall petition, or amended petition, shall be certified by the Clerk to be sufficient he shall at once submit it to the Board of Aldermen with his certificate to that effect and shall notify the member whose removal is sought of such action. If the member whose removal is sought does not resign within five days after such notice the Board of Aldermen shall thereupon order and fix a day for holding a recall election. Any such election shall be held not less than forty nor more than sixty days after the petition has been submitted to the Board of Aldermen, and it may be held at the same time as any other general or special election within such period; but if no such election is held within such period the Board of Aldermen shall call a special recall election to be held within the time aforesaid."

This last section specifically provides that when the clerk has certified to the sufficiency of the recall petition, he shall at once submit it to the board of aldermen with a certificate to that effect and shall notify the member whose removal is sought, and if such member does not resign within five days after notice the board of aldermen shall thereupon order

and fix a day for a recall election. We do not believe that under such circumstances as appear in this record and under the plain provisions of the city charter the board of aldermen have any discretion in the matter of calling the recall election when the petitions are properly filed with the clerk and the clerk has certified to the sufficiency thereof and filed same with the board, as was done in this case.

Appellants stress the case of Miller, Mayor, et al. v. State ex rel. Meyers, County Attorney (Tex. Civ. App.) 53 S.W.(2d) 838, which concerns a recall petition filed under the provisions of the city charter of the city of Borger, Tex., but we do not believe that this decision is controlling, in that it is clearly shown from the provisions of the charter of the city of Borger that the sufficiency of the petition is a matter to be determined by the board of city commissioners.

Sections 22 and 23 of the Charter of the city of Borger read as follows:

"Sec. 22. All papers comprising a recall petition shall be assembled and filed with the City Clerk as one instrument within Twenty (20) days after the filing with the City Clerk of the affidavit stating the name and office of the officer sought to be removed."

"Sec. 23. The City Clerk shall at once submit the recall petition to the Commission and shall notify the officer sought to be recalled of such action. If the official whose removal is sought does not resign within five (5) days after such notice, the Commission shall thereupon order and fix a day for holding a recall election. Any such election shall be held not less than Twenty (20) nor more than forty (40) days after the petition has been presented to the Commission at the same time if any general election is held within such period; but if no such election be held within such period, the Commission shall call a special recall election to be held within the time aforesaid."

It will be seen that it is the duty of the clerk to receive a recall petition, to submit the same to the commission, and notify the officer sought to be recalled of such action. No duty or discretion with respect to the petition being lodged in the clerk of the city of Borger, excepting to receive and submit the recall petition to the commission, it is appar-

ent that it is the duty of the commission to inquire into the sufficiency of the petition.

Being of the opinion that the judgment of the district court awarding the writ of mandamus is correct, the judgment of the trial court is by us affirmed.