Brooks HOLT, City Secretary of the City of Denton, Texas, Appellant,

v.

William E. TRANTHAM et al., Appellees.

No. 18116.

Court of Civil Appeals of Texas, Fort Worth.

Nov. 30, 1978.

Rehearing Denied Jan. 11, 1979.

Paul C. Isham, Denton, for appellant.

William E. Trantham, Denton, for appellees.

## OPINION

MASSEY, Chief Justice.

By our opinion in this case we affirm the Order Granting Writ of Mandamus. Respondent Brooks Holt, as City Secretary for the City of Denton, Texas, was ordered to present the "Recall Petition" of the petitioners and his Certificate as to its Sufficiency to the City Council at its next regular meeting.

The petitioners who obtained the foregoing relief were qualified electors for the purposes involved.

The issue before the trial court was upon the question of propriety of the character of the petition as a prescribed procedural step essential to constitute the foundation for holding a recall election. Petitioners desired to have voted upon the question of whether three councilmen of the City of Denton should be removed.

The trial court held that the petition, as amended, was a sufficient compliance with the provisions of the City Charter.

■ The applicable rules of law by which there should be test of the electors' petition are directory rather than mandatory. (The

contrary rule would apply under provisions of the election laws governing what is required of candidates in elections). Tex. Const. art. VI, "Suffrage", and the sections thereunder, particularly § 2, "Qualified elector; . . ." (1966 amendments); *Geiger v. DeBusk,* 534 S.W.2d 437 (Tex.Civ. App.—Dallas 1976, no writ history).

It was by provisions of the City Charter that the City Secretary ruled the petition insufficient, thus creating the situation leading to mandamus. In material part the City Charter provides, viz:

> Sec. 4.11. "Recall of councilmen". Any member of the city council may be removed from office by a recall election.
> Sec. 4.12. "Recall petition, committee of petitioners." Recall petition papers shall contain the name of the councilman (or names of the councilmen) whose removal is sought, and a clear and concise statement of the grounds for his (or their) removal. . . . The signatures to a recall petition need not all be appended to one paper, but to each separate petition there shall be attached an affidavit of the circulator thereof that he, and he only, personally circulated the foregoing paper, that it bears a stated number of signatures, that all signatures were appended thereto in his presence and that he believes them to be the genuine signatures of the persons whose names they purport to be.
> Sec. 4.13. "Filing and certification of petitions, recall election." (a) All papers comprising a recall petition shall be assembled and filed with the city secretary as one instrument. Within seven (7) days after a petition is filed the city secretary shall determine whether each paper bears the names of the five (5) electors who constitute the committee of the petitioners, and the required affidavit of the circulator thereof, and whether the petition is signed by qualified electors (measure as applied to determining sufficiency as to numbers also prescribed) . . . .
> (b) If the city secretary finds the petition insufficient he shall return it to the committee of the petitioners, without preju-

dice, however, to the filing of a new petition based upon new and different grounds, but not upon the same grounds. . . . (Following are provisions in the event the petition be deemed sufficient.) (c) [C]ity council shall thereupon order and fix a date for holding a recall election . . ..

As originally presented to the City Secretary the many pages constituting the recall petition contained information prescribed as required, along with lines for signature and addresses with dates of signing, plus completed certificate at the bottom of each of the pages in the following form:

I, ————, certify that I, and only I, personally circulated the foregoing petition, that it bears ———— signatures that were appended hereto in my presence and I believe that they are the signatures of the persons whose name they purport to be.

Signed the ———— day of ————, 1978.

————————————————

The City Secretary kept the petition papers overnight and then delivered them back, returning the same to the petitioners' committee. The committeemen caused those who had circulated the petition together to make affidavits relative thereto. Pursuant thereto the "circulators" made oath before Notaries Public in the following form:

"STATE OF TEXAS
COUNTY OF DENTON
"BEFORE ME, the undersigned authority, personally appeared those persons whose names are listed below, who, each being duly sworn by me deposes and says:
"I personally circulated the recall petition page to which my signature is signed; that each person who signed the page did so in my presence; that I believe such signatures as appear thereon are the genuine signatures of the person whose name they purport to be, and; that each is a registered voter of the city of Denton, Texas."
(Here follows many lines, on each of which a signature of a circulator of the petition appears.)

"SWORN TO AND SUBSCRIBED TO Before me by each one individually." (Followed by hand and seal of Notary Public.)

Promptly the identical papers comprising the formerly tendered recall petition, plus the pages on which there was oath by the circulators before a Notary Public, (constituting affidavit by each of them), were tendered (or re-tendered) to the City Secretary. He refused to accept and act. He returned such amended petition to the committee of the petitioners. One of his reasons for returning the amended petition was because the grounds were identical to the grounds stated in the petition as initially presented. It was his opinion that there was not a compliance with requirement that such petition should have been upon different grounds from those stated.

Between the time the "bundle of papers" constituting the recall petition was first delivered to the City Secretary and the time of the tender of practically the same "bundle" as an amended petition, the mandamus suit was filed. There was amendment of the electors' pleadings in their petition for mandamus following the later tender. Since there is no point of error predicated upon the manner of the proceedings in the trial court we disregard any irregularities.

On trial it was in the capacity of electors that several witnesses who had signed the recall petition testified. Uncontested evidence showed the fact that signers of the recall petition were in sufficient number and were qualified electors who had signed with the purpose and intention of obtaining the certification of the petitions they had signed by the City Secretary, to the City Council, so that an election would be called.

What was done by the electors, apart from the propriety of the procedure by which done in aid of their purpose by those who circulated the petition and by those who were the "committee", was to obtain and exercise their rights of suffrage; to obtain the opportunity to participate in an election in which their rights to vote might be exercised.

Where a statute, or the provisions of some municipal charter, authorizes the holding of an election only on the taking of a prescribed step, this prescribed step constitutes the foundation for holding the election, not the election itself. Such action relating to steps to be taken prior to an election are directory where authority to hold the election is otherwise conferred upon those who are to order or conduct it. 29 C.J.S. p. 161 "Elections" § 70, "Order or Call", (1965). Whatever action or non-action there might be there may be reconsideration of its propriety in a suit in complaint thereof brought in the appropriate trial court.

Upon the presentation of a proper petition made a condition precedent, the authorities appointed to call an election on a particular measure or proposition have no discretion to refuse to call it. This rule likewise has application to and includes a middle-man whose official duty is to make the examination and determination of the sufficiency of the petitioners' compliance with conditions precedent. 29 C.J.S. p. 159 "Elections" § 68, "Preparatory Steps in General" § 69, "Petition of Electors" (1965).

In the determination of the compliance or non-compliance with the conditions precedent the test may require the consideration of the "reasonableness" of the provisions relating to qualification of a petition as sufficient. To make such a judgment was part of the duty of the City Secretary in the instant case. To be valid a registry law or ordinance must be reasonable, neither impairing the right of suffrage guaranteed by the constitution nor depriving a person of his right where there is no fault or negligence on his part.

Most cases in which there have been expressions upon applicable law are those where after the fact of an election there has been attack upon election propriety rather than cases where there was refusal to hold elections and where, as on the instant appeal, there were mandamus petitions filed to have elective processes compelled. The electors who petitioned for mandamus in the instant case cite the case

of *Bagley v. Holt,* 430 S.W.2d 817, 821 (Tex. Civ.App.—Texarkana 1968, writ ref'd n.r. e.), and language therefrom as follows: "Courts long ago settled the question, differing only in the phraseology used, by holding that whatever the law requires a voter to do himself he must do as required in order to cast a valid ballot; but that failure on the part of election officers to perform their duties prescribed by law, where such failure has not prevented a fair election, will not deprive the elector of his voting privilege or of his right to exercise it. (Citing cases.) The elector in this instance, burdened as he was by illiteracy, did all that the law required of him. Misunderstanding of the election judge's duties and failure on the part of that election official to observe the law's precepts, did not render the elector's ballot invalid."

Analogous legal principles would be effective where the proceeding is for mandamus to compel the holding of an election and the performance of duties ancillary thereto where the respondent occupies the position of an officer in some way connected with and charged with a duty relative to the election. Where, as a prerequisite to the holding of the recall election where by law there must be performance of authoritatively prescribed duties by the City Secretary he should not escape his obligation of performance where there has been substantial compliance with the law by the electors.

It is not the provisions of the Denton City Charter are unconstitutional on its face, rather it is that the provisions are unconstitutional in their application to the factual situation here posed, i. e., to the manner of preparation and presentation of the electors' petition to the City Secretary. To hold otherwise would be to impair the right of suffrage by the electors where there has been no fault or negligence on their part.

We agree with the City Secretary that the trial court erred in concluding that because the City Attorney of the City of Denton had approved the form of the recall

petition prior to its circulation and submission the City Secretary was estopped to deny its sufficiency. However, the fact that the point of error relative thereto could be sustained would in no way affect our obligation to affirm the judgment.

It is obvious that the trial court should fix the date and time of the election anew when there is finality of the judgment after exhaustion of the appeal. The trial court is authorized so to do.

Affirmed.