Steve BLANCHARD, et al, Appellant,

v.

M. L. "Hank" FULBRIGHT, et
al, Appellee.

No. A14–82–043CV.

Court of Appeals of Texas,
Houston (14th Dist.).

April 15, 1982.

George M. Kirk, Jr., Houston, for appellant.

David Bonnen, Sam Lee, Angleton, for appellee.

Before BROWN, C. J., and JUNELL and PRICE, JJ.

PER CURIAM.

This is an original mandamus proceeding filed in this court under art. 1735a to compel a recall election of the mayor and four city council members of the City of Angleton. It is our conclusion that the mandamus should be denied as to the recall election of city council members, Charles Cole, Gene Mitchell and Arthur Alexander because the issue of recall is rendered moot by the results of a regular April 3, 1982, Angleton city election in which these three council members were defeated for reelection. It is further our conclusion that mandamus should issue for a city recall election as to Mayor M. L. "Hank" Fulbright and council member Sue Hensley. We deny petitioner's claim for attorneys fees.

The relators Steve Blanchard, *et al*, are sixteen residents of the City of Angleton who are duly qualified voters and are circulators and signers of petitions requesting a recall election of the mayor and four of the five city council members. Respondent M. L. "Hank" Fulbright is the mayor of Angleton, having been elected in a runoff election of the city on May 2, 1981. Respondents Charles Cole, Gene Mitchell, Arthur Alexander, Sue Hensley, and Vinc Pavlas are all the members of the Angleton City Council. No recall election is sought as to Vinc Pav-

las, but recalls are sought of the other four council members. Council member Sue Hensley was elected to the council in a city runoff election on May 2, 1981, and council members Charles Cole, Gene Mitchell and Arthur Alexander are incumbent council members who were defeated for re-election in the April 3, 1982, regular city elections. The city of Angleton is a Home Rule City, having accepted a Home Rule Charter on February 17, 1967.

The County Judge of Brazoria County, E. E. "Red" Brewer, is also named as a respondent in this mandamus suit, but relators concede this respondent was not served by them and he has failed to otherwise answer or appear in this proceeding. Accordingly, no jurisdiction has attached over said respondent. Relators say he is unnecessary for a disposition of the case, but respondents urge that he is an indispensable party and that no mandamus may issue without his joinder. Under the record before us, we do not believe the presence of the County Judge in this suit is necessary as we shall discuss later in the opinion.

The city charter provides in pertinent part that the citizenry has reserved to itself the power of recall (Section 6.01), that any elected city official shall be subject to recall on grounds of incompetency, misconduct or malfeasance in office (Section 6.02), that the question of recall may only be submitted in response to a demand petition to be filed with the city secretary and signed by qualified voters of the city equal in number to at least 30 percent of the number of votes cast in the last regular municipal election of the city but in no event less than 150 petitioners (Section 6.03), and that each signer shall personally sign his name in ink with his place of residence giving name of street and number or place of residence and the date of signature (Section 6.03). The charter further provides that the petition be addressed to the city council, stating grounds with specificity so as to give the officer for whom removal is sought notice of the matters and things with which he is charged (Section 6.04), one signer of each petition must, by affidavit, indicate that he

or she personally circulated the petition and that the signature is genuine (Section 6.04), and that the petition is to be filed with the city secretary (Section 6.05). Further, Section 6.06 requires the city secretary to immediately present the petition to the council, Section 6.07 provides for public hearings for the officers whose removal is sought if the request for such hearing is made within five days after receipt of the petition, and in such event the city council shall order such hearing to be held not less than five days nor more than fifteen days after the request for hearing is received, Section 6.08 provides that if the officers do not resign that an election must be ordered by the council, the date of which shall not be less than twenty-five nor more than thirty-five days from the date the petition was presented to city council, or from the date of the public hearing. Finally, the charter indicates that if the majority votes for recall that such persons shall be recalled, regardless of any technical defects in the petition (Section 6.10) and that if the city council should fail or refuse to order the recall election that the County Judge of Brazoria County shall discharge the duty (Section 6.12).

The recall petitions in question were filed with the Angleton City Secretary on August 24, 1981. Recall was based upon alleged grounds of incompetence and misconduct in office which are two grounds expressly authorized for recall in the Angleton City Charter. As to Mayor Fulbright and council members Mitchell, Alexander and Hensley, the facts alleged to constitute incompetence and misconduct in office were: (1) the firing of Hope Cameron, chief accountant for the City of Angleton, on July 14, 1981, shortly after she had appeared as a witness for Beckie Archie in a trial against City Secretary Ruth Hertel in *State of Texas v. Ruth Hertel* (2) the approval of the retaliatory elimination of Becky Archie's job in the city accounting office by city administrator Hicks on May 27, 1981, less than one week after a trial was held in which Becky Archie was the complainant against City Secretary Ruth Hertel, and (3) the re-classification of mon-

ey paid to city council members from "salary" to "expenses" and failing to require any substantiation for the payment of that "expense" money. As to council member Cole, the facts alleged to constitute his incompetence and misconduct in office were that he abused the power and authority of his office as a member of city council on July 30, 1980, by requesting and authorizing the City Secretary to call the Angleton Police Department and request under the guise of "city business" the registration information for owners of vehicles gathered at Leland Kee's law office on July 30, 1980, when the request had no legitimate relationship to the conduct of city business.

The record shows that the number of votes cast at the last regular municipal election of the City of Angleton on April 7, 1981, was 1737 votes. There were 1789 votes cast at the May 2, 1981, city runoff election. Relators state that when the petitions were filed, they each contained 685 to 725 signatures by actual count in substantial compliance with the provisions of the city charter. Copies of these petitions relied on by relators are on file in this court. Each of the petitions filed show the signatures dated from August 7, 1981 to August 23, 1981, and each of the petitions is sworn to by a carrier of said petition who affirms that he or she is a signer of the petition for recall, that he or she alone personally circulated such petition for recall in Angleton, that each signature appended was made in his or her presence and is the genuine signature of the person whose name it purports to be. A statewide election was already scheduled for November 3, 1981.

On September 8, 1981, the petitions were presented by the City Secretary to the city council during a regular session. At this council meeting, each of the council members who were subject to recall stated that they would not resign and that they desired a public hearing in accord with Section 6.07 of the City Charter; fourteen days later on September 22, 1981, the city council granted and ordered separate hearings on each Thursday of October to each of the members whose recall was sought, commencing

October 1, 1981, and ending October 29, 1981, in addition to scheduling a November 5, 1981, final hearing to give each council member an opportunity to give a summary of or conclude his or her public hearing, the totality of which were presided over by the mayor. All public hearings were finally concluded on November 5, 1981, a period of fifty-eight days after the requests for public hearings were made and received. This period of fifty-eight days was contrary to the five to fifteen day time period provided by Section 6.07 of the charter to hold such public hearings. On November 10, 1981, in a regular meeting of the City Council, the City Attorney stated that he and the City Secretary had examined the petitions, had found numerous defects and recommended returning the petitions to the City Secretary so that they could be returned to the circulators, corrected and brought into compliance with the City Charter. The minutes do not reflect the pointing out of any specific alleged defects. At the same meeting, the City Attorney was granted authorization to file suit on behalf of the city of Angleton with regard to the recall petitions to seek injunctive relief and a declaratory judgment for interpretation of the City Charter provisions pertaining to recall. On November 11, 1981, all persons who signed the petition were individually mailed a letter from the city which stated in part as follows: "... this is to advise that if you desire that your name not be considered a part of the petition in the coming court case, you may still come by City Hall and have your name removed." The relators were further informed that additional corrective information was needed but specific technical irregularities were not described. The petitions were returned to the carriers by the City Secretary, and respondent's counsel represents to the court that the City Secretary and respondents do not have the original petitions nor copies of them.

On November 11, 1981, an injunction and declaratory judgment suit was filed in the 149th Judicial District of Brazoria County, Texas, by the city in and through respondents seeking among other things, to restrain E. E. "Red" Brewer, the County Judge, from ordering the recall petition pursuant to § 6.12 of the City Charter. No other defendant was named or cited in the lawsuit other than the County Judge. A temporary restraining order without notice was issued by a visiting Judge on the day of filing, November 11, 1981, and hearing for temporary injunction and other prayed for relief set on November 20, 1981. Thereafter, the restraining order was extended and the hearing for temporary injunction reset for November 30, 1981. On November 24, 1981, the defendant County Judge filed a motion to dismiss asking the court to dismiss the cause and declare Section 6.12 of the City Charter void on the ground that in requiring the County Judge to order a recall election within the City of Angleton, the charter required an act outside the scope of his constitutional and statutory duties. On the same day of the filing of the motion to dismiss, to wit, November 24, 1981, the County Judge's motion to dismiss was granted by a visiting Judge. The court dissolved the restraining order and dismissed the cause of action against the only named defendant, the County Judge. On December 23, 1981, twenty-nine days *after* the dismissal of the County Judge from the suit the plaintiff (City of Angleton) filed a motion for specific findings and requested dismissal of the city's suit in its entirety. Attached to the motion for specific findings and dismissal of the city's suit were five unverified certifications by the city secretary Ruth Hertel which stated that she had examined each of the *five* recall petitions and found that they did not have the required number of valid signatures. This is the first time the record shows there was a contention the petitions lacked the requisite number of signatures and no number of signatures was alleged. The same day, to wit, December 23, 1981, the visiting Judge signed a second order in which the court found as a fact that the recall petitions lacked the appropriate number of valid signatures and that the grounds alleged in the petition to support the recall were frivolous and did not meet the charter requirements. The petitions were also declared null and

void in the order of December 23, 1981. The petitions themselves were not before the court. None of the named relators was made a party to the aforementioned litigation nor were adversary hearings conducted. Notice was not given of the hearing and no defendant was named or was present in connection with the December 23, 1981, motion, hearing and order. The City Council has refused to call an election in response to the recall petitions. Relator's attorney asserts the petitions were also presented to the County Judge after the city council refused to order the recall election, but candidly admits the record does not show such presentment to the County Judge. In any event, it is clear from the record that the County Judge will not call an election in response to the recall petitions.

■ This Court may compel by writ of mandamus the performance by the officials of the City of Angleton of any duty imposed upon them by law in connection with the holding of recall elections. Tex.Rev. Civ.Stat.Ann. art. 1735a (Vernon 1962). Generally speaking, mandamus will lie only where the duty to act is clear and there is no disputed issue of fact. *Cobra Oil & Gas Corp. v. Sadler*, 447 S.W.2d 887 (Tex.1968); *Jessen Associates, Inc. v. Bullock*, 531 S.W.2d 593 (Tex.1975); *Taxpayers Political Action Committee, et al. v. City of Houston, et al.*, 596 S.W.2d 147 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ).

Respondents in their pleadings and brief urge a number of defenses to the mandamus. They urge relators have no clear right to a mandamus because the city council's duty to order a recall election is not a ministerial function. Rather, respondents assert, the city council has been given a discretionary "judicial function" by Section 6.06 of the City Charter to review the sufficiency of the recall petitions. In exercising such right, respondents contend the city council has determined the petitions are insufficient. In addition, respondents argue that the instant mandamus action constitutes a collateral attack on a valid District Court Declaratory Judgment which found the petitions were insufficient. They further contend an issue of fact is raised in the affidavit of Ruth Hertel, City Secretary, which precludes mandamus; that relators have no standing because of noncompliance with section 14.01 *et seq.* of the Election Code which respondents contend requires relators to designate a campaign treasurer and file campaign expense reports; and that relators have an adequate remedy at law by presenting petitions to the County Judge, a District Court or to refile other recall petitions.

■ As to the respondent's contention that section 6.06 of the City Charter gives the city council the duty and authority to determine the sufficiency of the recall petitions by discretionary "judicial review," we hold that section 6.06 of the Angleton City Charter does not delegate or give such discretionary authority to the city council. Nor do we find any other section of the City Charter delegating such right or duty. Actually, it appears from the minutes and affidavits on file in this case to have been the City Secretary and the City Attorney who made such examination and review of the recall petitions, and then recommended to the city council, after the public hearings were held, for the recall petitions to be returned to the carriers. The city council in turn then voted in favor of such recommendation based upon the examination, review and investigation by the City Secretary and City Attorney. Irrespective of whether such action could be deemed to be an exercise of discretionary judicial review by the city council or whether it was an examination and review by the City Secretary or City Attorney of the recall petitions to determine sufficiency, we do not find any provision in the Angleton City Charter giving any of the city officials a discretionary right of review. Respondents also agree that none of the City Charter provisions give the City Secretary the right to judge the validity of the petitions. Section 6.06 of the Angleton City Charter provides:

"Immediately, but not later than the next regular meeting after the date of the filing of the papers constituting the recall

petition, the person performing the duties of City Secretary *shall present such petition to the City Council of the City of Angleton.*"

In our view, the charter provision does not provide for any discretionary "judicial review" of such recall petitions by the City Council, City Secretary or City Attorney to determine factual sufficiency. In the instant case, the charter merely provides for the recall petitions to be presented to the City Council by the City Secretary. The "presentation" by the City Secretary to the City Council does not infer or reserve the right or duty of "judicial review" by the City Council, as contended by respondents. If the City of Angleton had desired that a delegation of authority and duty to review the factual sufficiency of the petitions be reserved in its city council, City Attorney or City Secretary, it could have easily so provided in its City Charter. Section 6.08 provides that if the officers do not resign, then an election *must* be ordered by the Council after a public hearing. The city council or other city official has no such right or authority of discretionary review absent a charter provision reserving such right and authority. In *Howard v. Clack,* 589 S.W.2d 748 (Tex.Civ.App.—Dallas 1979) the Garland City Charter provided that the City Secretary was to examine the recall petitions to ascertain if they were signed by the requisite number of qualified voters and to attach a certificate showing the result of such examination and if sufficient "to submit" the same to city council which "shall" order and fix the date for holding the election. The court there held that the City Charter did not give the city council authority and discretion to review the sufficiency of the recall petition and decline to call an election if it determined the petition did not have the requisite number of genuine signatures, and even if the charter failed to confer on any agency authority to determine whether any signatures were fraudulent, such circumstances would not justify judicial recognition of such authority in the council. In *Howard v. Clack, supra* at 752, the court stated:

"Good reason exists to explain why the people of Garland granted no such power to their city council ... Moreover, to imply authority on the part of council to make the ultimate determination of sufficiency of the petition would commit the decision to a body that could not be considered impartial."

We believe a similar interpretation should be made in the instant case. No authority to determine sufficiency of recall petitions should be inferred to exist in the city council, in the absence of an express provision in the City Charter. The city council is not an impartial body, particularly in view of the fact that the subjects of recall were the mayor and four of the five council members. A similar case to *Howard v. Clack, supra,* is found in *Young et al. v. State,* 87 S.W.2d 520, 522 (Tex.Civ.App.—Fort Worth 1935, writ ref'd) where the court held the board of aldermen of Wichita Falls had no discretion in the matter of calling a recall election because a similar charter provision as was found in *Howard v. Clack, supra,* imposed the duty of determining and certifying the sufficiency of the recall petition in the city clerk rather than on the board of aldermen. The Angleton City Charter in the instant case did not confer the discretionary right or duty to determine the factual sufficiency of the petitions to any city official. In the absence of any such charter provision giving the discretionary right to determine the sufficiency of the petitions, we believe due process gives the respondents the right to file a suit in the District Court naming and citing interested parties and thereby obtaining a judicial determination of sufficiency of the petitions in an adversary proceeding after proper notice of hearing. *Gonzalez v. King,* 548 S.W.2d 66 (Tex.Civ.App.—Corpus Christi 1970, no writ). No such remedy was properly pursued in the instant case, however. We have serious doubts as to whether the facts alleged to constitute incompetency and misconduct in office as to Respondent Cole would be sufficient in law and we doubt that it is, but that question is rendered moot because of the April 3 regular city election in which Respondent Cole was a

candidate for election but was defeated. We are unable to say as a matter of law that the facts alleged to constitute incompetence and misconduct in office as to the other Respondents are not a sufficient legal basis for the subject of recall. We, of course, have no opinion and express none, of the truth or falsity of the allegations. That is a matter for the people to determine in an election. *Gonzalez v. King, supra* at p. 69; *Howard v. Clack, supra* at p. 751. *Also see Weatherly v. Fulgham*, 153 Tex. 481, 271 S.W.2d 938 (1954) for an analogous situation where the court held the Secretary of State, who had the statutory duty to examine the petition and certify the candidate for a place on the ballot, had no authority to inquire into the facts outside the record for the purpose of determining whether any of the signatures were forged or procured by fraud.

Other city official recall suit situations are found in *Miller v. State ex rel. Meyers*, 53 S.W.2d 838 (Tex.Civ.App.—Amarillo 1932, no writ), *Vetters v. State ex rel. Murray*, 255 S.W.2d 588 (Tex.Civ.App.—San Antonio 1953, no writ), *City Commission of Pampa v. Whatley*, 366 S.W.2d 620 (Tex. Civ.App.1963, no writ); *Leggitt v. Nesbitt*, 415 S.W.2d 696 (Tex.Civ.App.—Tyler 1967, no writ), and *Holt v. Trantham*, 575 S.W.2d 83 (Tex.Civ.App.—Fort Worth 1979, no writ). These cases involve interpretations of various charter provisions, but we do not find any of them inconsistent with our holding here.

■ We do not agree with respondent's contention that the present mandamus suit constitutes an impermissible collateral attack on the District Court order of December 23, 1981, to the effect that the petitions were insufficient and were based on frivolous and untrue grounds. We do not believe that such order can be given any binding effect in the instant proceeding. Tex. Rev.Civ.Stat.Ann. art. 2524–1 § 11 (Vernon 1965), the Declaratory Judgment Statute under which respondent's suit was originally filed in November, 1981, expressly provides in part:

"When declaratory relief is sought, *all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.*"

None of the relators was made a party or given any notice of the December 23, 1981, order. In fact, no one was made a party to such proceeding. The only defendant ever named in the suit was the County Judge who obtained an order of dismissal on November 24, 1981, the same day he filed his Motion to Dismiss. We do not believe any binding effect can be given in the instant case to the December 23, 1981, District Court order which was an ex parte nonadversary hearing without notice to anyone and without any party defendant even being named or cited in the suit. The recall petitions were not before the District Court at its December 23, 1981, hearing since respondents say the petitions were returned to the carriers on November 10, 1981, and that respondents have since had no copies of them. Further, no copy of any recall petition was attached to the petition in the District Court injunction and declaratory judgment suit. Respondents further say the allegations in the recall petitions were held frivolous by the District Court in its ex parte December 23, 1981, order "obviously on the premise that there was no evidence to establish the allegations." It is equally obvious there was no one named or given notice of such hearing to be given the opportunity to present evidence. Further, the function of the District Court in such event would not have been to establish the truth or the falsity of the allegations, but to determine whether the recall petitions sufficiently complied with City Charter provisions relating to the requirements of recall procedures. Respondents did not avail themselves of this judicial procedure, however, by maintaining and pursuing such a suit against any of the relators or any interested party individually or in a representative capacity.

■ We also do not agree with respondent's contention that the relators have no standing to bring this mandamus because of

noncompliance with Section 14.01 *et seq.* of the Election Code in failing to designate a campaign treasurer and file campaign expense reports. Respondents contend the definition of "election" in the election code makes no distinction between a city recall election and any other election held pursuant to the code. We do not construe the Election Code to require the designation of a campaign treasurer or the filing of campaign contribution and expense reports on a recall petition made and filed by residents of a Home Rule municipality to recall members of the city council. We do not find such election code provisions to be applicable in such a city recall election procedure.

■ We likewise do not find the presence of the County Judge, E. E. "Red" Brewer, to be necessary to a disposition of this case. While Section 6.12 of the City Charter provides that in the event the city council fails or refuses to order a recall election the County Judge of Brazoria County shall discharge such duty, it is clear from the record that the County Judge of Brazoria will not do so and in fact contends he is without constitutional or statutory authority to do so. He has obtained a court order in the District Court pursuant to such contention. Respondents urge what seems to be the irreconcilable position that we are bound by this District Court order on the one hand, but are required to join the County Judge in this proceeding before issuing a mandamus on the other hand. We believe there is considerable question as to the authority of the City of Angleton through adoption of a City Charter to impose on the County Judge of Brazoria County the duty and obligation to order a recall election when there is otherwise no statutory or constitutional authority for doing so. There seems to be a possible question of separation of legislative and judicial powers. Without deciding this question, however, we do not believe it is necessary to require relators to act in vain and incur additional delay in doing so; that is, we do not require relators to submit formal proof of presentation of the recall petitions to the County Judge and obtain his refusal to do so in order for us to issue mandamus to the County Judge and the

City Council to order the election. A sufficient remedy is for the City Council to order the recall election. No purpose would be served by also issuing a mandamus to the County Judge, particularly when there does not appear to be a clear duty to do so, and also in view of the clear refusal and unwillingness of the County Judge to order such a recall election. Likewise, where it is clear the County Judge will not order such a recall election, no purpose would be served in requiring the presence of the County Judge as a party to this proceeding in order to issue mandamus to the City Council to order a recall election.

■ With respect to respondent's contention that a fact issue exists precluding mandamus, respondents rely on the affidavit of City Secretary, Ruth Hertel, attached to respondent's Motion to Dismiss and Answers to Mandamus wherein she states:

"... The copies of the petitions filed on the Court of Appeals in Houston in the suit filed by Steve Blanchard, et al asking for a Writ of Mandamus *are not the same petitions that were filed with me as City Secretary* nor are they a true copy of said petitions... The petitions filed in the Court of Appeals in Houston, Texas *are not the same petitions which I received as City Secretary,* some carriers did not witness the signing of the petitions." (emphasis added)

We hold that such conclusory statements without any factual statements setting out or supporting in what manner or nature the petitions filed with the City Secretary allegedly differ from the petitions relied on by relators on file in this court, or without the presentation of petitions for comparison purposes do not raise a fact issue of this conclusion. We liken it to an analogous summary judgment situation where if there otherwise appears to be no existence of a material fact issue, the respondent has the burden to come forward and raise an issue of disputed fact. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). Here, respondents do not in any affidavit or exhibit attempt to factual-

ly support the conclusory statement that the petitions on file in our court are not the same as the petitions filed with the City Secretary on August 24, 1981. There is only the single conclusory statement to support such a contention. The petitions on file in our Court contain the signatures of persons which appear to be regular. The signatures are dated consistent with the time prior to filing with the City Secretary and are not shown to be numerically insufficient. Some do contain post office box numbers or route numbers as distinguished from number and name of street residences, but even if such signatures were disregarded, they do not appear to be in sufficient number to reduce the number of required signatures below 30 percent of the last general election. Further, Section 6.10 of the Angleton City Charter provides that if the majority votes for recall that such persons shall be recalled, regardless of any technical defects in the petition. We regard the listing of a post office box number or route number as a technical defect in the petition. Furthermore, respondents do not contend or allege that this is a point of differentation from the petitions filed with the City Secretary.

██ Finally, we believe the relators are entitled to the remedy of mandamus without refiling additional recall petitions or filing a suit in District Court. We know of no procedure which would require the filing of suit in District Court by relators as a prerequisite to obtaining mandamus relief in this Court under art. 1735a. Further, we know of no requirement for the filing of additional recall petitions under the circumstances of the instant case and we do not believe either of these avenues would provide relators with an adequate remedy at law under the facts and circumstances in this case.

As pointed out in the beginning of this opinion council members Cole, Mitchell and Alexander were up for re-election in the regulat Angleton City elections of April 3, 1982, and were defeated in that election. The results of that election as to these three Respondents, whether favorable or unfavorable, render moot the question of recall for the conduct alleged by relators to have occurred prior to August 24, 1981. However, as to Mayor M. L. "Hank" Fulbright and council member Sue Hensley, it is our view that mandamus should issue to the Angleton City Council ordering such recall election to be held not less than twenty-five days nor more than thirty-five days from the date the judgment of this court became final. Contrary to the contentions of respondents, there is no requirement for compliance with 42 U.S.C. 1973c in giving 60 days advance notice to the U.S. Department of Justice before a city recall election may be held. Our examination of the statute reveals that this provision does not apply to a city recall election under the procedure provided by a prior existing City Charter provision. The federal statute, 42 U.S.C.A. 1973c, is not applicable to the facts of this case.

Relators have asked for recovery of attorneys fees made necessary in the prosecution of their Mandamus action, but have presented no argument or authority for such recovery. Likewise, we know of no authority for recovery of attorneys fees in this mandamus action and we accordingly deny any claim for attorneys fees. The writ of mandamus will be issued ordering the Angleton City Council to submit to the electorate of the city of Angleton a city recall election as to Mayor M. L. "Hank" Fulbright and council member Sue Hensley not less than twenty-five days nor more than thirty-five days from the date this judgment becomes final.