IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-112-CV





CITY COUNCIL OF AUSTIN, TEXAS; BRUCE TODD, MAYOR OF THE CITY OF


AUSTIN; COUNCIL MEMBERS CHARLES URDY, MAX NOFZIGER,


RONNEY REYNOLDS, LOUISE C. EPSTEIN, ROBERT A. LARSON AND


GUS GARCIA; AND JAMES E. ALDRIDGE, CITY CLERK OF THE CITY


OF AUSTIN,



 APPELLANTS


vs.





SAVE OUR SPRINGS COALITION, BRIGID SHEA, JENNIE HAMILTON


AND DAVID BUTTS,



 APPELLEES


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT



NO. 92-03635, HONORABLE W. JEANNE MEURER, JUDGE



 





PER CURIAM



 Save Our Springs Coalition, (1) a coalition of citizen organizations interested in the
protection of Barton Springs, Barton Creek, and the Edwards Aquifer, filed with the city clerk
of Austin, Texas, an initiative petition requesting the City Council of Austin, Texas, to adopt the
Coalition's proposed ordinance or to submit the ordinance to the voters. The city clerk certified
the petition to the city council on March 13, 1992.

 When the city council did not adopt the initiated ordinance or call an election, the
Coalition sought mandamus relief from the district court of Travis County to compel the city
council to set an election on the initiated ordinance for May 2, 1992. The City responded that the
city charter allows the city council to exercise any one of three options in the face of such a
petition and, therefore, mandamus was improper. The district court ordered the city council to
call the election for May 2, 1992. We conclude that a conflict exists between the Austin city
charter and the relevant portions of the election code and that because the duty to act was not
clearly fixed, the district-court order was premature. Accordingly, we must reverse.

 Our review is restricted to one specific question: whether the district court
properly ordered mandamus, an extraordinary remedy justified in only the most narrow
circumstances. We do not, and in fact cannot, consider the merits of the proposed ordinance, the
motivation of individual city council members, the propriety of the City's pursuit of this appeal,
or the resulting delay and expense. These are uniquely political questions which must be
answered by the voters of Austin. 

 In its original petition filed in the district court, the Coalition asserted, "Upon
receipt of the certified initiative petition, the City Council became duty bound to act in accordance
with Article IV, § 5 of the City Charter and the Texas Election Code." That section of the charter
provides:



 When the council receives an authorized initiative petition certified by the
city clerk to be sufficient, the council shall either:


(a) Pass the initiated ordinance without amendment within sixty (60) days after
the date of the certification to the council; or


(b) Submit said initiated ordinance without amendment to a vote of the
qualified voters of the city at a regular or special election to be held within
ninety (90) days after the date of the certification to the council; or


(c) At such election submit to a vote of the qualified voters of the city said
initiated ordinance without amendment, and an alternative ordinance on the
same subject proposed by the council.


Texas Elec. Code Ann. § 3.005 (1986) provides, "An election ordered by an authority of a
political subdivision shall be ordered not later than the 45th day before election day." The
Coalition relied further on Tex. Elec. Code Ann. § 41.004(a) (1986), which states:



 If a law outside this code other than the constitution requires a special
election subject to Section 41.004(a) to be held within a particular period after the
occurrence of a certain event, the election shall be held on an authorized uniform
election date occurring within the period unless no uniform election date within the
period affords enough time to hold the election in the manner required by law. In
that case, the election shall be held on the first authorized uniform election date
occurring after the expiration of the period.



 Based on these provisions, the Coalition contended that, pursuant to Tex. Elec.
Code § 41.001(a) (Supp. 1992), the only authorized uniform election date within the ninety-day
period was May 2, 1992, and that the city council must set an election for that day no later than
March 18, 1992, a date forty-five days before May 2, 1992.

 At the district-court hearing on March 17, 1992, the City responded that the council
had no obligation to set an election until the expiration of the sixty-day period set out in § 5(a)
and, therefore, the May 2, 1992, date did not afford sufficient time to hold the election in the
required manner. Pursuant to § 41.004(a), the council could, therefore, set the election for the
next uniform election date after the expiration of the ninety-day period.

 On March 17, 1992, the district court issued its order granting the writ of
mandamus and ordering that



City Council of City of Austin, and Bruce Todd its Mayor and Charles Urdy, Max
Noziger [sic], Ronney Reynolds, Louise C. Epstein, Robert A. Larson and Gus
Garcia, members of the Austin City Council be and the same are hereby
commanded to forthwith call an election on the plaintiffs' Save Our Springs
Coalition initiative petition, said election to be called for May 2, 1992 in
accordance with Section 41.004 of the Texas Election Code, and these defendants
are ordered to take all steps necessary to order by March 18, 1992 such election
for May 2, 1992.



The City filed its notice of appeal seeking review of the district court's writ of mandamus. The
appeal effectively superseded the order of mandamus. Tex. Civ. Prac. & Rem. Code Ann.
§ 6.002 (Supp. 1992); Ammex Warehouse Co. v. Archer, 381 S.W.2d 478 (Tex. 1964); City of
W. Univ. Place v. Martin, 123 S.W.2d 638 (Tex. 1939).

 A writ of mandamus is an extraordinary remedy and will issue only to compel a
public official to perform a ministerial act. Anderson v. City of Seven Points, 806 S.W.2d 791,
793 (Tex. 1991); Womack v. Berry, 291 S.W.2d 677, 682 (Tex. 1956). An act is ministerial
when the law clearly spells out the duty to be performed by the official with sufficient certainty
that nothing is left to the exercise of discretion. Anderson, 806 S.W.2d at 793; Depoyster v.
Baker, 34 S.W. 106, 107 (Tex. 1896); Hoot v. Brewer, 640 S.W.2d 758, 761 (Tex. App. 1982,
orig. proceeding). Before such a writ will issue, a party must have demanded performance of the
act and the public official must have refused to perform. Stoner v. Massey, 586 S.W.2d 843, 846
(Tex. 1979). The writ will not issue to review or control the action of a public officer in a matter
involving discretion. Womack, 291 S.W.2d at 682.

 In its sixth point of error, the City contends, in effect, that the district court erred
in granting the writ of mandamus because at least as of March 17, 1992, the City still had
discretion in determining whether to set an election for May 2, 1992. We must agree and will
sustain the point of error. We do not do so, however, on the basis that the city council absolutely
had sixty days within which to deliberate before any obligation arose to set an election on the
initiated ordinance.

 After the city charter provisions at issue were adopted, the legislature enacted
§ 3.005 of the election code, which requires a political subdivision to order an election forty-five
days in advance of the election. See 1985 Tex. Gen. Laws, ch. 211, § 1, at 809. The City cannot
deliberate the full sixty days the charter affords, give the required forty-five day notice, and still
hold an election within ninety days from the date the city clerk certifies an initiated ordinance. 
Further, the four uniform election days provided by the election code do not fall precisely at 90
day intervals.

 Once the city clerk certifies an ordinance, the city council has three options: (1)
to pass the initiated ordinance, (2) to submit the ordinance at a regular or special election, or (3)
to submit the initiated ordinance and an alternative ordinance at a regular or special election. 
These provisions are mandatory. See Glass v. Smith, 244 S.W.2d 645, 647 (Tex. 1951). When
the district court rendered its order, the council still retained the discretion to choose among the
three options. However the conflict between the city charter and the election code may be
resolved, on March 17th the calling of an election for May 2, 1992, had not yet become merely
a ministerial duty.

 The situation before this Court differs from those in which courts have found
mandamus relief appropriate. In those cases, the charter provisions and the facts clearly
established that the public official had no discretion to exercise. See e.g. Anderson, 806 S.W.2d
at 791 (once trial court determined that requisite number of voters had signed petition, mayor had
no discretion; act was ministerial); Duffy v. Branch, No. 05-92-00468-CV (Tex. App. - Dallas,
March 20, 1992, orig. proceeding) (if, after filing of recall petition, council member refuses to
resign, city charter provides that city council must order recall election; provision allows for no
discretion); Burns v. Kelly, 658 S.W.2d 731 (Tex. App. 1983, orig. proceeding); Blanchard v.
Fulbright, 633 S.W.2d 617 (Tex. App. 1982, orig. proceeding). The opinion in Glass similarly
reflects the city council's refusal to call an election based on a belief that the initiated ordinance
would be void.

 In the instant cause, at the time the writ of mandamus issued, the city council
retained discretion to choose among three options. The calling of an election was not the only
remaining course of action. See generally Vara v. City of Houston, 583 S.W.2d 935 (Tex. Civ.
App. 1979, writ ref'd n.r.e.), appeal dism'd, 449 U.S. 807 (1980). Although unlikely, the city
council could have adopted the initiated ordinance at its meeting on March 18, 1992. Because the
district court order of March 17, 1992, foreclosed such action by directing the council to call an
election no later than March 18, 1992, the writ of mandamus was premature.

 We reiterate that we do not adopt the City's argument that the period within which
to hold an election begins to run only after the council has had sixty days within which to consider
the initiated ordinance. The council does and should have a reasonable time to deliberate. The
provisions of the election code, however, may require that reasonable time to be less than the sixty
days provided in the charter. Likewise, an authorized uniform election day will not always occur
within ninety days from certification.

 We sustain the City's sixth point of error on the limited basis set out above. 
Because this disposition requires that we reverse the order of the district court, we do not address
the City's points of error one through five or the points raised in the brief of the four council
members.

 The order of the district court of March 17, 1992, is reversed and judgment
rendered that the request for writ of mandamus be denied.


[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Reversed and Rendered

Filed: April 15, 1992

[Publish]
1. Appellants are the City Council of Austin, Texas; Bruce Todd, Mayor of the City of Austin;
Council Members Charles Urdy, Max Nofziger, Ronney Reynolds, Louise C. Epstein, Robert A.
Larson, and Gus Garcia; and James E. Aldridge, City Clerk of the City of Austin ("the City"). 
Appellees are Save Our Springs Coalition, Brigid Shea, Jennie Hamilton, and David Butts ("the
Coalition").