**Rudy GONZALEZ et al., Petitioners,**

v.

**Neal KING et al., Respondents.**

**No. 551.**

Court of Civil Appeals of Texas, Corpus Christi.

March 16, 1970.

John E. Lewis, Adams, Graham, Lewis & Graham, H. H. Rankin, Jr., Rankin, Kern & Martinez, McAllen, for petitioners.

Smith, McIlheran & Jenkines, Garland F. Smith, Weslaco, Hill & King, Mission, for respondents.

## OPINION

GREEN, Chief Justice.

On March 9, 1970, an appeal from a judgment of the 93rd District Court of Hidalgo County was filed in our Court, being our No. 550, *Rudy Gonzalez, et al v. Neal King, et al.* At the same time, appellants in that cause filed with us their Motion For Leave To File Petition To Stay Proceedings accompanied by their petition in which, after factual allegations, they sought to restrain respondents from taking any actions with reference to certain recall petitions or election involving certain officials of City of Mission, Texas until decision by this Court of Cause No. 550. Petitioners seek to invoke Art. 1823, V.A.T.S., which reads as follows:

"Said courts [Courts of Civil Appeals] and the judges thereof may issue writs of mandamus and all other writs necessary to enforce the jurisdiction of said courts."

In an ex parte hearing without notice to the respondents, we granted leave, subject to further orders of the Court, to file said Petition To Stay Proceedings, and issued a restraining order as prayed for effective until Thursday, March 12, 1970. We set a hearing on the said Petition To Stay Proceedings to be held on such date and notified counsel for petitioners and respondents to present argument to the Court at that time. This cause on the Motion for Leave to File and the Petition to Stay became Cause No. 551 on our docket.

At such hearing, the issue before the Court was whether or not we should grant the temporary injunction prayed for by petitioners pending our decision of Cause No. 550 in order to enforce our jurisdiction in said 550.

After oral argument by counsel, this Court unanimously decided that the Leave to File theretofore granted should be set aside, and that such leave should be denied; that the temporary restraining order issued March 9, 1970, should be dissolved, and that Cause No. 551 should be dismissed. Judgment to that effect was duly announced by the Court. Said judgment expressly provided that "This order shall not affect Cause No. 550, *Rudy Gonzales, et al v. Neal King, et al.* now pending on the docket of this Court."

The majority of this Court believes that we should not discuss in the Court's opinion or make a ruling on any issue involved in Cause No. 550 not essential to be decided in passing on the question whether injunctive relief should be granted as prayed for by petitioners in their petition in No. 551. The holding of the majority is simply that Petitioners by the record and argument presented have failed to convince us that we should issue the injunctive relief prayed for in this Cause No. 551.

Injunctive relief prayed for is denied as per judgment of this Court.

SHARPE, J., joins in the above.

NYE, Justice, concurring.

Movants are resident citizens, property owners and taxpayers of the City of Mission, Hidalgo County, Texas. One of such movants is the Mayor of the City of Mission and two others are City Councilmen of the City of Mission. Movants asked for leave to file their petition to stay certain proceedings and to enjoin the respondents from doing or participating in any further act or proceeding in regard to certain recall petitions; or from securing, ordering and/or

the holding of elections thereon for the recall of the Mayor and two of the City Councilmen named as movants herein. The respondents are also resident citizens of Mission and are described as being the leaders of a group known as The Mission Recall Committee.

This Court, in chambers, upon the presentation of the motion for leave to file the petition to stay the proceedings, was of the opinion that said petition to stay the proceedings should be granted and ordered the petition to be filed, and at the same time temporarily restrained the respondents from participating in any further act or proceeding in regard to the recall petitions described in the petition and from ordering or securing the ordering and/or the holding of elections thereon for the recall and removal from office of Clark F. Spikes, and/or Albert A. Ady and/or Clarence R. Ashley (all movants herein) until a hearing to be held by this Court on petitioners' application for temporary injunction on March 12, 1970, three days following the presentation of such petition.

This Court, on authority of Art. 1823, V.A.C.S., granted leave to file the petition in order that this Court could determine the necessity of protecting its jurisdiction of this case.

The issue before this Court relative to this motion is whether the respondents should be enjoined from further action relative to the recall petitions and election in order to preserve and protect the jurisdiction of this Court in the subject matter of the appeal of this case until the merits of the appeal in Cause Number 550 (filed in this Court) is adjudicated. In order to determine this issue we must decide if the trial court was correct in dismissing the case for want of jurisdiction.

Movants' petition reflects that on the 26th day of February, 1970, the movants, as plaintiffs filed a declaratory judgment suit (Cause Number 550 on appeal in this Court) against the respondents in the 93rd District Court of Hidalgo County, Texas, to adjudicate and declare the rights, status, legal obligations and duties of the parties under the written Charter of the City of Mission and to obtain eventually a temporary injunction staying and restraining the further act and proceedings of respondents until the rights, status, duties and legal obligations of the parties have been declared; to maintain the status quo of the parties and the subject matter; and to prevent irreparable injury to the movants. The respondents (defendants in the lower court) moved for a dismissal of the suit.

The trial court, upon hearing the respondents' motion to dismiss the suit for declaratory judgment and injunctive relief, determined that it was without jurisdiction to entertain the movants' petition and therefore ordered, adjudged and decreed that the movants' petition should be and was dismissed for the sole and only reason that the trial court had no jurisdiction to consider the movants' cause of action. An appeal from this order of dismissal is our Cause Number 550. Movants contend that the trial court's refusal to consider the merits of their suit in the district court and for ancillary relief will allow the respondents to proceed with the recall proceedings without a determination of the legal sufficiency of the proceedings leading up to the proclamation of the recall election, and unless this Court temporarily enjoins the respondents from proceeding with the recall proceedings the merits of the appeal in Cause Number 550 (being the suit in the trial court) will be moot and the jurisdiction of this Court relative to this cause will be destroyed resulting in irreparable injury, damage and harm to the movants.

The respondents contend here as they did before the trial court; that the recall election proceedings was commenced by the filing of the recall petitions; that a recall election is an "election" in contemplation of the law and the courts of this state do not enjoin elections or any step in the election process as it is purely a political function; citing *City of Austin v. Thompson*, 147 Tex. 639, 219 S.W.2d 57 (1949); *Miller v. State ex rel. Meyers*, 53 S.W.2d 838 (Tex.Civ.App. —Amarillo 1932); *Ex parte Barrett*, 37 S.W.2d 741 (Tex.Comm'n App.1931); *Vet-*

ters v. State, 255 S.W.2d 588 (Tex.Civ.App. —San Antonio 1953); *Young v. State*, 87 S.W.2d 520 (Tex.Civ.App.—Ft. Worth 1935); *City Commission of Pampa v. Whatley*, 366 S.W.2d 620 (Tex.Civ.App.—Amarillo 1963); 31 Tex.Jur.2d 162, Sec. 78. If the trial court was without potential jurisdiction to entertain the relief sought by the movants then this Court would lack authority to grant the temporary relief sought by the movants until a determination of the appeal was had.

The courts of nearly all of these United States have recognized the absolute necessity of severe restrictions upon their own discretionary authority to enjoin an election. It was said nearly a hundred years ago that:

". . . to obstruct the freedom of elections—if successful, would result in the overthrow of all liberty regulated by law. The mere effort to assume such power is dangerous to the rights of the citizen. If the courts can dictate to the officers of the people that they shall not hold an election from fear of some imaginary wrong, then people and officers are entirely subservient to the courts, and the consequences are too fearful to contemplate.

"The principle which would authorize the mighty mandate of a court of chancery, in this case, would justify it in every election to be held by the people, and thus the whole administration of the government might be obstructed and all power and authority placed at the *footstool of the judge*." *Walton v. Develing*, 61 Ill. 201 (1871).

In *Killam v. Webb County*, 270 S.W.2d 628 (Tex.Civ.App.—San Antonio 1954), the late Justice Norvell said:

"The mere fact that the present suit was brought as a suit under the Uniform Declaratory Judgments Act, Article 2524–1, Vernon's Ann.Civ.Stats., does not alter the situation, as it was not the purpose of such Act to extend the jurisdiction of the courts over matters which are purely political. The rule still obtains in this State that 'an election is essentially the exer-

cise of political power, and, during its progress, is not subject to judicial control. This comprehends the whole election, including every step and proceeding necessary to its completion'. . . ."

However in the absence of any complete and adequate remedy at law, a municipal officer whose recall is sought may be entitled to maintain a suit to restrain such proceedings on the ground that the recall proceedings are being attempted without a substantial compliance of the law. 62 C.J.S. Municipal Corporations (Injunction) § 516d, p. 965. The validity of the proceedings for recall is a judicial question, and it may be permissible to enjoin the holding of an election to determine the sufficiency of proceedings leading up to the proclamation for an election. 4 McQuillin, Sec. 12.251f, p. 320. Citing authority. For instance, equity may determine a charge of fraud, but not to inquire into the truth or falsity of the allegations of the petition for recall. This is a political question to be determined by the people at the election.

In the case of *State v. Tedder*, 106 Fla. 140, 143 So. 148, the Supreme Court of Florida in analyzing a situation closely akin to the problem before us, had this to say:

"A recall election is a special, extraordinary, and unusual proceeding. *The authority for any recall of an officer must rest upon a substantial compliance with the statutory provisions by which it is authorized.* In this respect recall elections differ from ordinary elections, because the latter must be held at some designated time and place appointed by law, whereas recall elections can only be held when the statute providing therefor has been substantially complied with, and no unalterable time for holding same is ordinarily fixed by law therefor.

It has frequently been said that an injunction will not issue as a general rule for the purpose of restraining the holding of an election, or of directing or controlling the mode in which, or of determining the rules of law in pursuance of which, an election shall be held, and that an election is a political matter as to which courts of

equity have, and should have, nothing to do. See Pomeroy's Equity Jurisprudence (4th Ed.) §§ 1753, 1754.

But the reason usually given for this general holding that equity is without jurisdiction in election matters is that interference in election controversies might often result in the destruction of popular government, especially when the relief sought is to entirely prevent the holding of an election by the people and thereby to prevent the free expression of the popular will.

This impelling judicial tendency to leave unhampered our avenues of popular expression is no doubt of sufficient cogency to support *the rule as applied to those general elections recurring at stated intervals and required by statute to be held at particular times and places.* But the reason for the rule as applied to ordinary elections to select officers does not apply *to those special and extraordinary elections to oust those already elected.* Recall elections can only be held when the statutory authority therefor has been granted and substantially pursued. Interference with such unusual and extraordinary elections by injunction or otherwise will have no other effect than to delay a particular recall effort until such time as the court is satisfied that the proceedings for the invocation of the desired recall are in sufficient compliance with the law to warrant the calling and holding of an election for that purpose. It has been held that an officer against whom a recall petition is launched has a sufficient interest to entitle him to maintain an action in equity upon good cause to enjoin proceedings upon such recall; that, although he cannot claim exemption from removal by recall, *such officer has the right to demand that the proceedings therein do not substantially depart from the statutory mode prescribed, and to insist that the officers do not perpetrate a*

legal fraud upon him by acting upon an illegal petition. *Baines v. Zemansky,* 176 Cal. 369, 168 P. 565.

We agree with the conclusion of the California court on this subject, and hold that a bill in equity *to restrain recall proceedings alleged to be attempted to be carried out without substantial compliance with the mode prescribed in an appropriate remedy to prevent the wrong,* and will be available to the officer sought to be recalled, if no other tribunal is authorized by law to judicially determine the sufficiency of the recall proceedings.

This court is committed to the doctrine that a public officer has a property right in his tenure of office, and cannot be deprived thereof without due process of law. See *State ex rel. Hatton v. Joughin* (Fla.) 138 So. 392.

The absence of appropriate legal procedure for determining whether or not an officer is about to be deprived of his right to hold office without due process of law is sufficient to give a court of equity jurisdiction in the premises to act for the protection of such right. *City of Watts v. Superior Court of Los Angeles County, California,* 36 Cal.App. 692, 173 P. 183." (Emphasis supplied)

The Texas Courts have on numerous occasions recognized the necessity of invoking their equitable jurisdiction in election matters by way of mandamus,[1] and a trial court in at least one recall case, by a writ of injunction.[2] However, I believe the trial court was correct in dismissing this suit for want of jurisdiction, not because it did not have equitable power to grant relief in a proper situation, but for other reasons.

The Charter of Home Rule City of Mission provides a definite and set procedure for the recall of its officers. One of its sections (Section 6.11) provides:

"Failure of City Council to Call an Election.

---

1. By way of example see: *Vetters v. State,* 255 S.W.2d 588 (Tex.Civ.App.—San Antonio, 1953).

2. *Hemmingson v. Hagaman,* 250 S.W. 1066 (Tex.Civ.App.—Ft. Worth 1923, reversed on other grounds).

In case all of the requirements of this charter shall have been met and the City Council shall fail or refuse to receive the recall petition, or order such recall election, or discharge any other duties imposed upon said City Council by the provisions of this charter with reference to such recall, then the County Judge of Hidalgo County, Texas, shall be hereby empowered and directed to discharge any of such duties herein provided to be discharged by the person performing the duties of City Secretary or by the City Council."

No allegation has been made that this matter has been presented to the County Judge and he has failed to substantially comply with the law.

Since the administrative remedy provided for in Section 6.11 above set forth has not been exhausted, a suit contending that there had not been a substantial compliance of the law relative to the recall election was prematurely filed. The trial court had no authority to render an advisory opinion under the uniform declaratory judgment act where no real or genuine controversy existed.

The trial court was without jurisdiction to entertain the suit, therefore, any ancillary relief in this Court should be denied.