Randall E. BURNS, et al., Relators,

v.

Philip KELLY, et al., Respondents.

No. 2–83–114–CV.

Court of Appeals of Texas,
Fort Worth.

Sept. 2, 1983.

John Groce, Fort Worth, for relators.

Ross T. Foster, Staples & Foster, Hurst, for respondents.

Before FENDER, C.J., and ASHWORTH and JORDAN, JJ.

## ORIGINAL PROCEEDING IN MANDAMUS

## OPINION ON MOTION FOR REHEARING

FENDER, Chief Justice.

Our original opinion of August 10, 1983, is withdrawn and the following is substituted.

We first note that respondents urged in their first motion for rehearing that this court denied them their right to oral argument. Full oral argument was granted at the hearing held on the motion for rehearing which should satisfy this requirement.

This is an original mandamus proceeding filed in this court under Tex.Rev.Civ.Stat. Ann. art. 1735a (Vernon 1962) to compel a recall election of a city council member of the City of Colleyville. It is our conclusion that mandamus should issue for the election.

The relators, Randall E. Burns, et al., are eleven residents of the City of Colleyville who are duly qualified voters and are circulators and signers of petitions requesting a recall election of city council member Philip Kelly. The respondents are members or officers of the city council of the City of Colleyville. The City of Colleyville is a "home rule city", having accepted a city charter on November 11, 1976.

The city charter provides that any city official shall be subject to recall by the qualified voters of the city but that the question of recall may only be submitted to the voters in response to a demand petition signed by at least twenty percent (20%) of the number of votes cast in the last regular municipal election, but in no event less than two hundred (200) such petitioners. Also, each signer shall personally sign his name in ink or indelible pencil, showing voter registration number, place of residence, name of street, number of place of residence and the date signed. *City of Colleyville, Texas, Charter §§ 5.01 and 5.02 (1976)*. The charter also provides that the recall petition must be addressed to the Council of the City of Colleyville, must distinctly and specifically point out the ground or grounds for which such petition for removal is predicated. If there be more than one ground, such as for incompetency, misconduct, or malfeasance in office, the petition shall specifically state each ground with such certainty as to give the officer sought to be removed notice of the "matters and things with which he is charged." (Charter § 5.03) The officer whose removal is sought may, within five days after such petition is presented to the city council, request that a public hearing be held to permit him to present facts pertinent to the charges specified in the recall petition. (Charter § 5.06).

The recall petition in question was filed with the Colleyville city secretary on May 17, 1983, and was based on alleged grounds of incompetence and malfeasance in office. The record shows that 1,320 votes were cast at the last regular municipal election of the City of Colleyville, on April 2, 1983. Relators state that the petition filed contained 316 signatures in substantial compliance with the provisions of the city charter. Copies of the petition are on file with this court.

The city secretary notified council member Kelly on May 17, 1983 in compliance with the charter, and she presented the recall petition to the city council at a special council meeting on May 24, 1983. The council members questioned her concerning strict compliance with the city charter. She

stated that she had complied. The council passed a resolution that the petition not be accepted until the city secretary reviewed it in comparison with the voter registration list and that no differences in signatures between the petition and the list be allowed.

On June 7, 1983, the council decided to take no action on the petitions, as they did not meet the requirements of § 5.02 of the charter. On June 23, 1983, relators, in compliance with § 5.11 of the charter, asked Tarrant County Judge Mike Moncrief to call a recall election. Judge Moncrief held a public hearing on July 6, 1983, and afterwards declined to call an election. The relators have now petitioned this court to issue a writ of mandamus compelling the council to call a recall election.

▆▆▆ This court may compel, by writ of mandamus, the performance by the officials of the City of Colleyville of any duty imposed upon them by law in connection with the holding of recall elections. Generally, mandamus will lie only where the duty to act is clear and there is no disputed issue of fact. Tex.Rev.Civ.Stat.Ann. art. 1735a (Vernon 1962); *Blanchard v. Fulbright,* 633 S.W.2d 617 (Tex.App.—Houston [14th Dist.] 1982).

We note initially that nothing in the city charter gives the city council the authority to review the petitions presented to determine compliance with the requirements for such petitions in the charter. If the citizens of the City of Colleyville had wanted the city council to have that authority, they could have included a provision to that effect in the city charter. Section 5.07 of the charter provides that, if the official whose removal is sought does not resign, the city council shall order a recall election. There is no provision for discretion by the city council in performing this ministerial act.

▆▆▆ Respondents urge that we have no jurisdiction to issue a writ of mandamus because facts sufficient to prove the duty of the city council to act are not established by this record. Specifically, they argue that the number of votes cast in the last munici-pal election was not established by evidence competent to satisfy § 5.02 of the charter. The record reveals a certificate, signed by LaVada Johnson, city secretary, certifying that there were 1,320 voters in the April 2, 1983 city election. There is nothing in the record to show otherwise.

We think that this certificate is sufficient to establish the number of votes case in the last municipal election for the purposes of this record. The city secretary presented the certificate in performance of the function of her duty making it admissible evidence under Tex.Rev.Civ.Stat.Ann. art. 3731a (Vernon 1982). More importantly in the instant case, the certificate was not disputed. We think that this situation is analogous to a summary judgment proceeding. In such a proceeding, if there otherwise appears to be no existence of a fact issue, the respondent has the duty to come forward and raise an issue of disputed fact. *Blanchard v. Fulbright, supra,* at p. 624; *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). As the respondents have failed to do so, we hold that the number of voters in the last municipal election is not a disputed fact issue divesting us of jurisdiction in this proceeding.

Secondly, respondents assert that this proceeding should be abated and we should await the outcome of a suit filed by Kelly in the 141st District Court challenging the factual sufficiency of the recall petition before we proceed to rule on the petition for mandamus.

▆▆▆ As noted above, nothing in the charter gives the city council, the city secretary, or anyone else the discretionary right or duty to determine the factual sufficiency of the recall petition. In the absence of any such provision, we believe that due process gives council member Kelly the right to file such a suit and get a judicial determination of the sufficiency of the petitions in an adversary proceeding after proper notice and hearing. *Blanchard v. Fulbright, supra,* at p. 622; *Gonzalez v. King,* 548 S.W.2d 66 (Tex.Civ.App.—Corpus Christi 1970, no writ). However, we do not think that this

district court suit has any bearing on the issues presented to us by the instant mandamus proceeding and we express no opinion concerning such collateral proceeding. The recall petition in the record before this court contains the signatures of 316 persons and those signatures appear to be in substantial compliance with the requirements of the charter. We have no more authority to look beyond this record to determine the factual sufficiency of these signatures than the city council.

Thirdly, respondents assert that the recall petition does not, as a matter of law, meet the requirements of the charter of the City of Colleyville. In this regard they contend that the sworn grounds for removal contained in the petition are not specific and certain enough to give the council member sought to be removed notice of the matters and things with which he is charged. *City of Colleyville, Texas, Charter, § 5.03 (1976).*

We first note that respondents do not claim that *no* grounds for removal are contained in the petition. The claim is that such grounds are *insufficient* and that the city council in the first place and this court ultimately should test such *sufficiency* before an election be ordered.

▌ Just as we found that the city charter contains no provision authorizing the city council (or the city secretary or anyone else) to examine the signatures, etc., for authenticity, we also find no authority in the city charter for a determination by the city council of the sufficiency of the charges contained in the petition. On petition for mandamus we must simply determine whether or not the respondent should have performed a ministerial duty and we can not exercise any greater power of discretionary review than the respondent.

Lastly, respondents assert that any relief granted relators must comply with Tex. Elec.Code Ann. art. 2.01b (Vernon 1982). We agree.

▌ The Texas Election Code applies to all elections held in Texas unless otherwise provided in the code. Tex.Elec.Code Ann. art. 1.01 (Vernon 1982). A "special elec-

tion" is defined as "an election other than a general or primary election." Tex.Elec. Code Ann. art. 1.01a(a)(52) (Vernon 1982). A recall election is therefore a special election and, as it is not specifically exempted by statute, it must be held on one of the following dates: the third Saturday in January, the first Saturday in April, the second Saturday in August, or the first Tuesday after the first Monday in November.

A writ of mandamus shall issue ordering the Colleyville City Council to call a recall election on November 8, 1983, on the bases set forth in the recall petitions, unless such election be stayed by a court of competent jurisdiction. This writ is issued without prejudice to the rights of the parties to pursue their remedies in the 141st District Court of Tarrant County, Texas.

JORDAN, Justice, dissenting.

I respectfully dissent from the majority opinion which by writ of mandamus orders a recall election for Councilman Philip Kelly by the City Council of the City of Colleyville.

I fully recognize that under Tex.Rev.Civ. Stat.Ann. art. 1735a (Vernon Supp. 1982–83), this court may compel by writ of mandamus the performance of the duties imposed upon the City Council by law in connection with the holding of recall elections. However, as noted in the *Blanchard* case relied upon by the majority, generally speaking, *mandamus will lie only where the duty to act is clear and there is no disputed issue of fact. Blanchard v. Fulbright,* 633 S.W.2d 617, 621 (Tex.App.—Houston [14th Dist.] 1982, writ dism'd.). (Emphasis added). In the case at bar, it cannot be said that the duty of the City Council to call the recall election is clear.

The City Charter of Colleyville recites the following requirements for a petition to be sufficient to impose upon the City Council the duty to order a recall election:

*The recall petition mentioned above must be addressed to the Council of the City of Colleyville, must distinctly and specifically point out the ground or grounds upon which such petition for removal is predi-*

*cated,* and if there be more than one ground, such as for incompetency, misconduct, or malfeasance in office, shall specifically state each ground with such certainty as to give the officer sought to be removed, notice of the matters and things with which he is charged ... *Charter,* sec. 5.03. (Emphasis added).

The petition presented to the City Council in the case at bar is predicated on the following "grounds":

1. Councilman Kelly has consistantly (sic) led, encouraged and participated in improper and incompetent minority opposition to the governing body of the City of Colleyville and in aiding and abetting the filing of litigation against the City of Colleyville with full knowledge of the cost to be borne by the citizens of Colleyville and contrary to the wishes of the majority of the citizens of Colleyville.

2. Councilman Kelly has repeatedly been mean, overbearing and obnoxious in forcing himself, his thoughts and verbosity upon citizens for the purpose of creating unrest and dissension within the City of Colleyville.

3. Councilman Kelly has on numerous occasions asked for the professional advice of the city attorney and city engineer regarding city ordinance interpretation and clarification and then blatantly ignored the advice he received and made decisions and voted contrary to that advice to the detriment of the city and in malfeasance of his office.

After reviewing this petition, I am forced to conclude that these so-called "grounds" for the recall of Councilman Kelly are, as a matter of law, insufficient under sec. 5.03 of the City Charter to impose a *clear* duty upon the City Council to order the election.

It is my opinion that these "grounds" for recall of Councilman Kelly in reality allege only general conclusions of discontent and disagreement with the Councilman's performance in office and a dislike for him personally.

The application for Writ of Mandamus should be denied.