**In re Carla Lee SUSON, Relator.**

No. 13–03–00470–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

Oct. 28, 2003.

William "Bill" Edward May Jr., Corpus Christi, for relator.

Augustin Rivera, Jr., Dunn, Weathered, Coffey, Rivera & Kasperitis, P.C., Corpus Christi, for respondents.

Before Justices HINOJOSA, YAÑEZ, and CASTILLO.

## OPINION

Opinion by Justice HINOJOSA.

Relator, Carla Lee Suson, has filed a petition for writ of mandamus requesting that this Court order the following respondents to perform their ministerial duties under the city charter of the City of Kingsville and hold a recall election: (a) Irene Ramirez, Kingsville City Secretary; (b) Filemon Esquivel, Jr., Kingsville Mayor; (c) Horacio Castillo, Kingsville City Commissioner; (d) Arturo Pecos, Kingsville City Commissioner; (e) Charles Wilson, Kingsville City Commissioner; and (f) Alfonso Garcia, Kingsville City Commissioner. Respondents have filed a response. *See* Tex.R.App. P. 52.4. Without hearing oral argument, we grant relator's petition. *See* Tex.R.App. P. 52.8.

### A.  Jurisdiction

■ This Court may issue a writ of mandamus compelling the officials of a city to perform any duty imposed upon them by law regarding the holding of a recall election. Tex. Elec.Code Ann. § 273.061 (Vernon 2003). Generally, mandamus will lie only where the duty to act is clear and there is no disputed issue of fact. *Burns v. Kelly,* 658 S.W.2d 731, 733 (Tex.App.-Fort Worth 1983, orig. proceeding); *Blanchard v. Fulbright,* 633 S.W.2d 617, 621 (Tex.App.-Houston [14th Dist.] 1982, orig. proceeding).

### B.  Background

Relator is a resident of the City of Kingsville. She is a duly qualified voter and is a circulator and signer of petitions requesting a recall election of Mayor Esquivel and City Commissioners Castillo and Pecos.

The City of Kingsville is a "home rule city." Section 24 of the city charter of the City of Kingsville provides, in relevant part, as follows:

Any elective officer of the city shall be subject to recall and removal from office by the qualified voters of the city, and the procedure to effect such removal shall be as follows: A petition demanding that the question of removing such officer or officers be submitted to the electors, shall be filed with the person discharging the duties of city clerk. Such petition for the recall of any such elective officer or officers shall be signed by at least twenty-five percent (25%) of the number of qualified voters voting at the last regular city election, and at least one-fifth (1/5) of whom shall certify that at the election at which said officer or officers was or were elected, they voted for the election of such officer or officers proposed to be recalled.

Each signer of a recall petition shall sign his name thereto in ink or indelible pencil, and shall write thereon, after his name, his place of residence by street and number. To each of said petitions there shall be attached an affidavit, or the circulator thereof, stating the number of signers to such part of the petition and that each signature to the same is genuine, and was made in his presence and is that of the person whose name it purports to be.

All papers comprising a recall petition, shall be returned and filed with the person exercising the duties of city clerk, within thirty (30) days after the filing of the affidavit herein before provided for. The person exercising the duties of city clerk, upon the return of such petition shall at once submit the same to the governing authority of the city, and shall notify the officer or officers sought to be recalled of such action. If the official

whose removal is sought does not resign within five (5) days after such notice is given, the governing authority of the city shall thereupon order and fix a day for holding a recall election, the date of which election shall not be less than fifteen (15) nor more than thirty (30) days from the time such petition was presented to the governing authority of the city.

The city secretary performs the duties of the city clerk because the City of Kingsville has no city clerk.

On July 3, 2003, relator filed an affidavit with City Secretary Ramirez, requesting that petitions be issued for circulation among the voters calling for the recall of Mayor Esquivel and City Commissioners Castillo and Pecos. All petitions were returned to the city secretary on July 17, 2003. Relator asserts the petitions contained 896 signatures for the recall of Mayor Esquivel, 926 signatures for the recall of City Commissioner Castillo, and 927 signatures for the recall of City Commissioner Pecos, all in substantial compliance with the provisions of the city charter. The record reflects that 2,202 votes were cast on May 4, 2002, the last general election of the City of Kingsville.

City Secretary Ramirez disqualified many of the signatures because she interpreted the city charter as requiring all persons signing the petitions to have voted in the last city election. City Secretary Ramirez certified that the number of signatures was insufficient for recall and presented the certificate and recall petitions to the city commission. The mayor and commissioners concluded that the city secretary had properly disqualified the signatures of persons that had not voted in the last city election. Because the number of signatures remaining on the petitions was insufficient, the mayor and commissioners refused to set a recall election. Relator now asks this Court to issue a writ of mandamus, compelling the city secretary and city commission to order a recall election.

## C. ANALYSIS

■ Relator complains that the city secretary violated the ministerial duty imposed on her by Section 24 of the city charter when she did not "at once submit" the recall petition to the governing authority of the city "upon the return of such petition." Relator contends that the city charter does not give the city secretary or the city commission the power to review and disqualify signatures. Respondents assert that the city secretary is duty-bound to conduct a facial review of all recall petitions to determine whether they comply with the city charter and the Texas Election Code.

Section 24 of the Kingsville city charter contains no provision giving the city commission, the city secretary, or anyone else the authority or duty to determine the sufficiency of recall petitions. *See Burns,* 658 S.W.2d at 733; *Blanchard,* 633 S.W.2d at 621. Section 24 of the Kingsville city charter provides:

The person exercising the duties of city clerk, upon the return of such petition shall at once submit the same to the governing authority of the city, and shall notify the officer or officers sought to be recalled of such action. If the official whose removal is sought does not resign within five (5) days after such notice is given, the governing authority of the city shall thereupon order and fix a day for holding a recall election, the date of which election shall not be less than fifteen (15) nor more than thirty (30) days from the time such petition was presented to the governing authority of the city.

The charter only provides that recall petitions be submitted to the city's governing authority by the person exercising the duties of city clerk. Once the petitions are submitted, if the officials do not resign, an election "shall" be ordered by the city's governing authority.

We cannot infer from this language that the city secretary or the city commissioners have a right or duty to examine the sufficiency of the petitions. In the absence of such a provision, due process gives those parties subject to recall the right to file a lawsuit in the district court to obtain a judicial determination of the sufficiency of the petitions in an adversary proceeding, after proper notice and hearing. *Burns,* 658 S.W.2d at 733; *Blanchard,* 633 S.W.2d at 622.

### D. SECTION 277.003 OF THE TEXAS ELECTION CODE

■ Respondents also assert that section 277.003 of the Texas Election Code clearly contemplates that the city secretary is responsible for reviewing recall petitions to ensure that the petitions technically comply with all the legal requirements. Section 277.003 of the election code, entitled "Verifying Signatures by Statistical Sample," provides:

> If a petition contains more than 1,000 signatures, the city secretary or other authority responsible for verifying the signatures may use any reasonable statistical sampling method in determining whether the petition contains the required number of valid signatures, except that the sample may not be less than 25 percent of the total number of signatures appearing on the petition or 1,000, whichever is greater. If the signatures on a petition circulated on a statewide basis are to be verified by the secretary of state, the sample prescribed by Section 141.069 applies to the petition

rather than the sample prescribed by this section.

TEX. ELEC.CODE ANN. § 277.003 (Vernon 2003). Section 277.003 merely provides how a person responsible for verifying signatures may determine the validity of signatures when a petition contains more than 1,000 signatures.

There is no provision in the Kingsville city charter that assigns anyone the responsibility for verifying signatures. Furthermore, each of the three petitions for recall contain less than 1,000 signatures. Therefore, we conclude that section 277.003 does not apply to the facts of this case.

We conditionally grant the mandamus relief requested by relator. We direct City Secretary Ramirez to immediately submit the recall petitions with all signatures to the city commission. We are confident that City Secretary Ramirez will comply promptly. The writ will issue only if that confidence proves misplaced.

Justice CASTILLO not participating.