NO. _06-15-00141-CR_

IN THE SIXTH COURT OF APPEALS

FIFTH JUDICIAL DISTRICT OF TEXAS

RECEIVED IN
The Court of Appeals
Sixth District

AUG 10 2015

Texarkana, Texas
Debra Autrey, Clerk

FILED IN
The Court of Appeals
Sixth District

AUG 1 0 2015

Texarkana, Texas
Debra K. Autrey, Clerk

IN RE QUINN MCGARY

Relator from 5th District
Court of Cass County, Texas

Seeking Writ of Mandamus Directed to the Presiding Judge
of the 5th District Court, Cass County, Texas, Cause No.
93F204

RELATOR'S ORIGINAL
PETITION FOR WRIT OF MANDAMUS

Jerrard McGary

c/o Allred Unit 790608

2101 FM 369 North

Iowa Park, Texas

[76367]

i

NO._____

IN THE SIXTH COURT OF APPEALS
FIFTH JUDICIAL DISTRICT OF TEXAS

_____

_____

IN RE QUINN MCGARY,

Relator from 5th District

Court of Cass County, Texas

_____

_____

Seeking Writ of Mandamus Directed to the Presiding Judge

of 5th District Court, Cass County, Texas, Cause No.

93F204

_____

_____

## RELATOR'S ORIGINAL
## PETITION FOR WRIT OF MANDAMUS

_____

_____

TO THE HONORABLE SIXTH COURT OF APPEALS:

NOW COMES, QUINN MCGARY, Relator, and respectfully submit his Original
Petition For Writ of Mandamus, directed to the presiding judge of the
5th District Court, to compel the Court to rule on his Motion For Speedy
Revocation Hearing, pursuant to Texas Code of Criminal Proc., Art. 42.12.
Mr. McGary is indigent. With this petition he has filed a Motion to
proceed in forma pauperis and attached his affidavit of indigence. He
ask leave to proceed without payment of costs.

## IDENTITY OF ALL PARTIES AND COUNSEL

The parties in this case are:

1. Petitioner

   Jerrard McGary
   c/o Allred Unit 790608
   2101 FM 369 North
   Iowa Park, Texas
   [76367]

2. Relator:

   QUINN MCGARY
   (forward all related correspondence/
    mail to Petitioner above)

3. The State of Texas:

   Randal J. Lee
   District Attorney
   Cass County, Texas
   P.O. Box 510
   Linden, Texas   75563

4. Respondent:

   Honorable Becky Wilbanks
   5th District Court
   P.O. Box 510
   Linden, Texas   75563

iii

# TABLE OF CONTENTS

IDENTITY OF ALL PARTIES AND COUNSEL ................................. iii

TABLE OF CONTENTS .................................................. iv

INDEX OF AUTHORITIES .............................................. v

APPENDIX TO THE PETITION .......................................... 1

STATEMENT OF JURISDICTION ......................................... 1

STATEMENT OF THE CASE AND FACTS ................................... 1

RELIEF REQUESTED ................................................. 3

ARGUMENT AND AUTHORITIES ......................................... 4

     The Court of Appeals Should Issue a Mandamus to the
     Presiding Judge of the 5th District Court Directing
     the Court to Rule on the Motion For Speedy Revocation
     Hearing, pursuant to Chapter 42.12 ......................... 4

     This Petition Satisfies the Requirements For Issuance
     of a Writ of Mandamus ..................................... 4

     1. The Relator Has a Justiciable Interest ................. 4

     2. The Relator Has a Clear Right to Relief ................ 5

     3. The Relator Has Made Demand and Been Refused ........... 5

     4. The Relator can Show that the District Court Clearly
        Abused its Discretion ................................. 5

     5. Relator has No Adequate Remedy at Law .................. 5

CONCLUSION ....................................................... 6

PRAYER ........................................................... 6

CERTIFICATE OF SERVICE ........................................... 7

# INDEX OF AUTHORITIES

## Case

### Federal

Barker v. Wingo, 92 S.Ct. 2182 (1972)................................. 4, 5

Gagnon v. Scarpelli, 411 U.S. 778 (1973) ........................... 4, 5

### State

Buntion v. State, 827 SW 2d at 947 ................................. 6

Burns v. Kelly, 658 SW 2d 731, 733 (Tex. App. Fort Worth 1983,
                                    orig. proceeding).............. 6

Carney v. State, 573 SW 2d 24 (Tex. Crim. App. 1978) .............. 4, 5

In re Perritt, 992 SW 2d 444, 446 ................................. 5

Padilla v. McDaniel, 122 SW 3d 805 (Tex. Crim. App. 2003).......... 1

Terrazas v. Ramirez, 829 SW 2d 712, 713 (Tex. 1991)............... 4

Tilton v. Marshall, 925 SW 2d 672, 682 (Tex. 1996)................. 5

### Statutes

TX Code of Crim. Proc. Article 42.12 ............................. 5

TX Code of Crim. Proc. Article 42.12 § 21(b) ..................... 3, 5

TX Government Code § 22.221(b)(2007)............................... 1

## APPENDIX TO THE PETITION

The following supporting evidence is attached:

A.  MOTION TO REVOKE PROBATION  dated September 27, 1996/filed October 3, 1996

B.  ALIAS CAPIAS Filed December 12, 1996

C.  TRIAL TRANSCRIPT OF REVOCATION OF PROBATION Conducted May 22, 1997 (p.240-242)

D.  MOTION TO DISMISS PROBATION & RELEASE DEFENDANT FROM PROBATION Filed July 8, 1997

E.  OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS dated February 2, 2011

F.  INMATE CORRESPONDENCE REPLY/STATE OF TEXAS vs. <u>QUINN MCGARY</u> dated July 3, 2015

## STATEMENT OF JURISDICTION

This court possess jurisdiction pursuant to Texas Constitution, article v, section 6 and Texas Government Code § 22.221 (b) ("Each Court of Appeals... May issue all writs of Mandamus... against a... judge of a district or county court in the court of appeals district"). Tex. Gov't Code § 22.221 (b)(2007).

Padilla v. McDaniel, 122 S.W. 3d 805 (Tex. Crim. App. 2003), explains that Courts of Appeals possess mandamus authority in situations such as this. In Padilla, the Court of Criminal Appeals explained that mandamus actions in criminal cases must be filed in the Courts of Appeals, not directly in the Court of Criminal Appeals.

## STATEMENT OF THE CASE AND FACTS

Quinn McGary was convicted of delivery of a Controlled Substance and placed on a ten year probation (Community Supervision) November, 1993. Unsure of the date the first writ of habeas corpus was filed, whether in 2010 or 2011, the Court of Criminal Appeals dismissed the writ on February 2, 2011 (See Attachment "E") stating, "Community Supervision had not been revoked." McGary filed a writ of habeas corpus on July 9, 2012, with Memorandum In Support. On August 9, 2012, McGary wrote a letter to Becky Wilbanks on the status of 11.07.

1.

On the date of August 16, 2012, the Court of Criminal Appeals, on August 17, 2012, gave McGary Notice that the writ was received and presented to the Court. McGary received a card on the date of September 25, 2012 from the Court of Criminal Appeals stating, "The writ was dismissed the Community Supervision has not been revoked." This was the second time for the writs to be dismissed for same reason.

On the date of October 1, 2012, McGary filed a Motion To Vacate Judgment-writ no; WR-36,290-07 - Cause #93F204 and it's attachments establishing that Probation was suppose to have been Revoked and Sentence imposed. The Motion was denied by the Court of Criminal Appeals and McGary was notified of the denial November 7, 2012.

On April 2, 2015, McGary filed a writ of habeas corpus for out-of-time appeal to the 5th District Court of Cass County, Texas. The writ was received in the Court of Criminal Appeals on May 11, 2015. The Court of Criminal Appeals Dismissed Writ for out-of-time appeal stating, "Community Supervision had not been revoked"- WR-36,290-08 on June 3, 2015.

McGary filed a Motion For Speedy Revocation Hearing in Cause Number 93F204 on June 9, 2015, pursuant to Article 42.12, § 21 (b) of the Texas Code of Criminal Procedure, in which provided the Court of Cass County, Texas, at the 5th Judicial District Court, 20 days of the filing of the Motion to bench warrant McGary to the Court and held a Revocation Hearing.

McGary has provided this Court with the Attachments A, B, C, D, in which is an unresolved issue the Court of Appeals and the Cass County Court needs to resolve.

Judge Jack Carter, on the date of May 22, 1997, claimed to have revoked the said Community Supervision to cause no. 93F204, in the 5th Judicial District Court of Bowie County, Texas and supposely imposed sentence of ten years in the Texas Department of Criminal Justice to run concurrent with his seventy-five year sentence. (See Attachment "C" Trial Transcript of Revocation of Probation - p.240-241).

Cass County, Texas district Attorney filed a Motion To Revoke Probation dated September 27, 1996/filed October 3, 1996 (See attachment "A") ordering McGary to appear in Court. On October 3, 1996 a "Alias Capias" was filed for the Sheriff to arrest McGary and deliver him to the revocation

hearing at Cass County, Texas Courthouse (See Attachment "B"). At the bottom of same document, it states the order was released and signed by judge Jack Carter on December 12, 1996. (See Attachment "B").

On the date of July 8, 1997, the District Attorney of Cass County, Texas, Randal J. Lee filed a Motion To Dismiss Probation & Release The Defendant From Probation, signed by Judge Jack Carter. (See Attachment "D").

The Motion For Speedy Revocation Hearing must be Granted and a hearing held in the present of McGary, due to the fact the matter at hand is not clear. The Computer/Record do no show a sentence of ten years being imposed, nor does it show that Community Supervision being dismissed and McGary being released from probation. This was established throughby Attachment "E" and other Rulings from the Court of Criminal Appeals. The Sixth Court of Appeals must intervene by ordering the 5th District Court Judge to make a ruling on the Motion For Speedy Revocation Hearing. McGary can not proceed towards any appeals and have no other adequate remedies at law.

### RELIEF REQUESTED

The Relator respectfully asks the court to issue an order or a writ of mandamus directing the lower court to rule on his pending Motion For Speedy Revocation Hearing of Chapter 42.12, § 21 (b), ideally resolving the issues of the Motion due to the fact three different rulings have been made and neither is factual or have been certified as the final judgment: (1) Judge Jack Carter claims to have revoked the probation and imposed a ten year sentence on May 22, 1997 (See Attachment "C") (2) Randal J. Lee, the Cass County, Texas, District Attorney, claimed to have Dismissed the Probation & Released the Defendant from probation July 8, 1997 (See Attachment "D"); (3) The Court of Criminal Appeals comes back several years later, three different times, February 2, 2011 (See Attachment "E"), September 25, 2012, May 11, 2015, and claim the

3.

Community Supervision have not been revoke and neither is final. Relator request the Court order the 5th District Court Judge to hold a hearing on the Motion For Speedy Revocation Hearing and make a ruling or Dismiss Cause Number 93-F-204.

## ARGUMENT AND AUTHORITIES

The Court of Appeals should issue a Mandamus to the Presiding Judge of the 5th District Court Directing the Court to Rule on the Relator's Motion.

McGary respectfully asks the Court to issue a Mandamus to the presiding judge of the 5th District Court, instructing her to rule on the pending Motion.

### A. The Motion For Speedy Revocation Hearing is Pending.

McGary understands that the District Court is busy with Civil and Criminal proceedings. His case is one of many, and he apologizes for any inconvience caused. It may be that the Court plans to rule on his Motion, or has an internal procedure for doing so. He simply asks the lower court to make a decision on the Motion For Speedy Revocation Hearing so that he may proceed, or appeal the denial of his Motion.

He has tried by letter to prompt the District Court into holding a hearing on the Motion, but has not been successful.

### B. This Petition satisfies the Requirements for Issuance of a Writ of Mandamus.

McGary has satisfied the requirements for issuance by this court for a writ of mandamus.

### 1. The Relator Has a Justiciable Interest.

McGary must show that he has a justiciable interest in the dispute. See Terrazas v. Ramirez, 829 SW 2d 712, 713 (Tex. 1991); Gagnon v. Scarpelli, 411 U.S. 778 (1973); Carney v. State, 573 SW 2d 24 (Tex. Crim. App. 1978); Barker v. Wingo, 92 S.Ct. 2182 (1972). He is currently being held detained under an unresolved Community Supervision in which only the Hearing on the Motion For Speedy Revocation Hearing can resolve.

4.

His liberty under cause no. 93F204 constitutes a justiciable interest.

**2.      The Relator Has a Clear Right to Relief.**

McGary must show that he has a clear legal right to the performance of a certain act. Tilton v. Marshall, 925 SW 2d 672, 682 (Tex. 1996); Gagnon v. Scarpelli, 411 U.S. 778 (1973); Carney v. State, 573 SW 2d 24 (Tex. Crim. App. 1978); Barker v. Wingo, 92 S.Ct. 2182 (1972). He is entitled to relief according to the authority of Article 42.12, § 21 (b) of the Texas Code of Criminal Procedure, on Motion by the Relator.

Until the Court make a ruling, one way or the other, McGary cannot proceed until a ruling have been made.

**3.      The Relator Has Made Demand and Been Refused.**

McGary must show that he asked the District Court for relief and that the Court refused to act. In re Perritt, 992 SW 2d 444, 446 (Tex 1999). McGary has done so. (See Attachment "F"). Second, a proper Motion For Speedy Revocation Hearing as required by Chapter 42.12 of the Texas Code of Criminal Procedure has been filed, yet no ruling has been made. There unfortunately been no response.

**4.      The Relator can show that the District Court Clearly Abused it's Discretion.**

Originally, according to O'Connor's Texas Civil Appeals, a writ of mandamus was issued only to compel the performance of a ministerial duty. Since the 1950s, however, the Supreme Court has expended the writ power to include a "clear abuse of discretion." Walker v. Packer, 827 SW 2d 833, 839 (Tex. 1992). Here, we have both.

Given events, the only act which is required is for the district court to enter an order granting or denying McGary's Motion For Speedy Revocation Hearing. Tex. Code of Crim. Proc. Art. 42.12 § 21 (b). It cannot ignore the Motion For Speedy Revocation Hearing.

**5.      Relator has no Adequate Remedy at Law.**

When a party who is subject to an improper judicial decision has no adequate remedy by appeal, mandamus will issue to correct a clear

abuse of discretion or the violation of a duty imposed by law. Walker v. Packer, 827 SW 2d 833, 839 (Tex. 1992); Buntion, 827 SW 2d at 947. Generally, where there is a dispute issue of material fact, mandamus relief will not be granted. See Burns v. Kelly, 658 SW 2d 731, 733 (Tex. App. Fort Worth 1983, orig. proceeding).

McGary cannot obtain a ruling on his Motion For Speedy Revocation Hearing without the district Court's Order granting or denying permission. He can not appeal the denial of the Motion For Speedy Revocation Hearing withou the District Court's order.

## CONCLUSION

McGary understands the difficulty of operating a district court which has many other pending civil and criminal cases. He does not wish to cause the court an inconvenence. Yet his original Motion For Speedy Revocation Hearing has been pending now for almost two (2) Months. He respectfully asks the Court of Appeals to instruct the district court to make a fact-findings on his Motion For Speedy Revocation Hearing so that the case may proceed.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Mr. McGary respectfully asks this court to issue a writ of mandamus to the presiding judge of the 5th District Court, directing a decision on McGary's pending Motion For Speedy Revocation Hearing. McGary also prays for all other relief required by Justice.

Respectfully submitted this 30th day of July, 2015.

By: Jerrard McGary
Jerrard McGary
c/o Allred Unit 790608
2101 FM 369 North
Iowa Park, Texas
[76367]

6.

## CERTIFICATE OF SERVICE

I, Jerrard McGary, hereby certify that a true and correct copy of this pleading has been mailed by U.S. Mail, postage prepaid, on this 30th day of July , 2015 to:

> Randal J. Lee
> District Attorney
> Cass County, Texas
> P.O. Box 510
> Linden, Texas   75563
>
> Honorable Becky Wilbanks
> 5th District Court
> P.O. Box 510
> Linden, Texas   75563

By: _Jerrard McGary_
Jerrard McGary

Petitioner   PRO SE

7.

ATTACHMENT   "A"
(MOTION TO REVOKE PROBATION)
September 27, 1996

ATTACHMENT   "A"

CAUSE NO. 93F204

THE STATE OF TEXAS                    FIFTH JUDICIAL DISTRICT COURT

VS                                          OF

QUINN MCGARY                          CASS COUNTY TEXAS

FILED FOR RECORD CASS COUNTY, TEXAS 96 OCT -3 PM 1:44 BECKY WILBANKS DISTRICT CLERK DEPUTY

MOTION TO REVOKE PROBATION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the State of Texas, represented herein by her Criminal District Attorney and would respectfully make this report concerning the above named defendant.

That on the 24th day of March, 1996, the above entitled and numbered cause was reached and called for trial and the defendant, appearing in person by his attorney, pleaded to the charge of DELIVERY OF A CONTROLLED SUBSTANCE as alleged; that this court in a proper proceeding after hearing the evidence; so

ORDERED, ADJUDGED AND DECREED, that the imposition of the sentence in this cause be suspended during good behavior of the defendant; and that he be placed on probation for said term of months and the specific provision that he;

1. Commit no offense against the laws of this State or of any other State or of the United States;
2. Avoid injurious or vicious habits;
3. Avoid persons or places of disreputable or harmful character;
4. Report to the supervision officer as directed by the judge or supervision officer and obey all rules and regulations of the community supervision and corrections department;
5. Permit the supervision officer to visit you at your home or elsewhere;
6. Work faithfully at suitable employment as far as possible;
7. Remain within the limits of Cass County, Texas unless given permission to leave therefrom; and notify the Community Supervision Officer if his address or employment is changed, within five days from the date change;
8. Special conditions;
   a. To report weekly to the Community Supervision Office six (6) months.

That subsequent to the defendant's being placed on probation he violated the provisions of his probation in that,

1. Commit no offense against the laws of this State or of any other State or of the United States;

   On or about the 1st day of September, 1996, in the County of Bowie, State of Texas, QUINN MCGARY did then and there intentionally and knowingly cause the death of an individual, Kendolyn Shenaye Hamilton, by stabbing her in the neck.

Defendant is Ordered to perform 200 community service;

   QUINN MCGARY failed to perform 116 hours of community service.

WHEREFORE, the State prays that said Motion to Revoke Probation be set at a time and place specified by this Honorable Court and the defendant herein be cited to appear at such time and place to show cause, if any he may have, why the probation heretofore granted in this cause should not be revoked and sentence imposed; and the District Attorney further prays that a WARRANT shall issue for the arrest of the defendant herein.

*Randal Lee*

Randal Lee                                          September 27, 1996
Criminal District Attorney

ON THIS the _____ day of _____, 19___ came to be heard the application of the State for setting and notice herein; and it appearing that the State is entitled to the relief sought;

IT IS THEREFORE, Ordered that the Clerk of this Court issue notice to the defendant commanding him to appear in this Court to show cause why the probation in this cause should not be revoked and sentence imposed; and it is further ordered that a Warrant be issued for the arrest of the defendant herein.

*Jack Carter*

Honorable Jack Carter, Judge
Fifth Judicial District
Cass County, Texas

ATTACHMENT    "B"
  (ALIAS CAPIAS)
December 12, 1996

ATTACHMENT    "B"

NO: 93F204

IN                     DISTRICT COURT              CASS COUNTY, TEXAS

A L I A S     C A P I A S

T H E   S T A T E   O F   T E X A S

VS.

96 DEC 12 AM 10: 14

BECKY WILBANKS
DISTRICT CLERK

BY_____DEPUTY

To: MCGARY, QUINN

TO ANY SHERIFF OF THE STATE OF TEXAS -- GREETINGS:

YOU ARE HEREBY COMMANDED TO ARREST: MCGARY, QUINN and him/her safely keep, so that you have him/her before the Honorable District Court of Cass County, Texas, at the Courthouse of said County, in Linden, INSTANTER then and there to answer The State of Texas upon an indictment pending in said Court charging him/her with DELIVERY OF A CONTROLLED SUBSTANCE          (REVOCATION)

HEREIN FAIL NOT, but make due return hereof to this Court INSTANTER.

WITNESS MY HAND AND SEAL OF OFFICE at Linden, this  03rd  day of October  , 1996 .

Becky Wilbanks, Clerk
District Clerk Cass County

BY _Charlotte Owens_____,Deputy

SHERIFF'S RETURN

Came to hand the _____ day of _____A.D. 19_____, at _____o'clock ____m., and executed by arresting the following named person _____ and taking _____bond to appear before the District Court of Cass County, as within directed, conveying to the District Court of Cass County, as within at the following times and places, to-wit:

| NAME | DATE/TIME | PLACE & COURSE | MILEAGE |
|------|-----------|----------------|---------|
|      |           |                |         |
|      |           |                |         |
|      |           |                |         |

NOT SERVED as to the following person for reasons set opposite name
_____

I actually and necessarily traveled _____miles in the service of this writ, in addition to any other mileage I may have traveled in the service of other writs in the same case during the same trip.

FEES: Making Arrest $_____
      Mileage _____  $_____
      Taking Bond   $_____
      TOTAL         $_____

Sheriff _____County, Texas
BY_____Deputy

**RETURNED**
Date _12-12-96_
_Order of Release_
_per: Jack Carter_

ATTACHMENT     "C"
(TRIAL TRANSCRIPT OF REVOCATION OF PROBATION)
May 22, 1997   p.240-242

ATTACHMENT     "C"

COURT IS ADJOURNED.- JURY RELEASED.

MR. HOOPER: Your Honor, the Court is aware there is a pending revocation in the Fifth District Court of Cass County, Texas, where you preside in the other county, and we would ask the Court based on this sentence, and we have discussed it and conferred with Mr. Randy Lee, the District Attorney in that county, and it is my understanding he has no objection to this, and we would ask that this sentencing be considered at this time so when his sentence is served, he won't have to come back to Cass County.

JUDGE CARTER;

Do you understand that, Mr. McGary? You are on probation obviously in Cass County, and basically what they're asking me to do is revoke the probation and run concurrent with this sentence. You are on a ten year sentence there, I'm sure that's what it is.

MR. SHEPHERD: Yes.

JUDGE CARTER:

Q. Do you understand that and agree with that?

A.(Mr. McGary) Yes.

Q. It will all basically run at the same time.

JUDGE CARTER; Is there anything further?

MR. HOOPER: No, sir.

JUDGE CARTER:

I have of course heard all of the evidence in this case,

and take judicial notice of that evidence in this case for the motion to revoke the matter in Cass County, and found that he has violated probation. His probation is revoked. The sentence will be a ten (10) year sentence, and it will run concurrent with his seventy-five (75) years he has in Bowie County.

MR. HOOPER: Judge, he was also in jail for three months.

JUDGE CARTER: I will give him credit for that jail time. That's all.

THE STATE OF TEXAS )

COUNTY OF BOWIE    }

I, Genny Day, Retired Official Court Reporter in and for the Fifth District Court of Bowie County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the Defendant to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

WITNESS MY OFFICIAL HAND this the 22nd day of November, 2004.

Genny Day, Texas CSR 1291

Expiration Date: 12-31-04

Retired Official Court Reporter

Fifth District Court, Bowie County, Texas

23 Paul Drive, Texarkana, TX. 75503

Phone: 903-792-0077

ATTACHMENT    "D"
(MOTION TO DISMISS PROBATION & RELEASE THE DEFENDANT
FROM PROBATION)
July 8, 1997

ATTACHMENT    "D".

## CAUSE NO. 93-F-204

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| VS. | § | OF CASS COUNTY, TEXAS |
| QUINN McGARY | § | FIFTH JUDICIAL DISTRICT |

### MOTION TO DISMISS PROBATION
### & RELEASE THE DEFENDANT FROM PROBATION

**TO THE HONORABLE JUDGE OF SAID COURT:**

FILED FOR RECORD
CASS COUNTY, TEXAS
97 JUL -8 AM 10: 13
BECKY WILBANKS
DISTRICT CLERK
BY
DEPUTY

NOW COMES, the District Attorney of Cass County, Texas and asks the Court to dismiss the **Motion to Revoke Probation** and **Release the Defendant from Probation** in the above entitled and numbered cause, for the following reason, to-wit:

The defendant has been convicted in the District Court of Bowie County, Texas and sentenced to 75 years in the Texas Department of Criminal Justice-Institutional Division for MURDER. It would not serve the interest of justice to pursue the matter.

The defendant's original charge in the above stated case number is **DELIVERY OF A CONTROLLED SUBSTANCE.**

Respectfully submitted,

RANDAL J. LEE
Criminal District Attorney
Cass County, Texas

### ORDER

The above defendant in the above entitled and numbered cause is hereby ORDERED released from probation and have no further obligations therein.

SIGNED this the _____ 18 _____ day of _____ July _____ , 1997.

JACK CARTER
JUDGE PRESIDING

Vol. 32/965

ATTACHMENT     "E"

(OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS DATED 2/2/2011)

ATTACHMENT     "E"



RE: Writ No. WR-36,290-06
STYLE: McGary, Jerrard J.
TRIAL CT NO: 93F204A
2/2/2011
The Court has dismissed your application for a writ of habeas corpus without written order, on the date the application was filed, community supervision had not been revoked. TEX. CODE CRIM. PROC. Art. 11.07, Sec. 3(a)-(b).

Louise Pearson, Clerk

Jerrard J. McGary
Allred Unit - TDC #790608
2101 FM 369 North

ATTACHMENT   "F"

(INMATE CORRESPONDENCE REPLY/STATE OF

TEXAS vs. QUINN MCGARY   July 3, 2015)

ATTACHMENT   "F"

July 3, 2015

Jamie Albertson
Cass County Clerk
P.O. Box 510
Linden, Texas  75563

RE: INMATE CORRESPONDENCE REPLY/ STATE OF TEXAS VS. QUINN MCGARY
    Cause No. 93F204


Dear Ms. Albertson,

   I received your INMATE CORRESPONDENCE REPLY letter without a date being
on it. The letter is stamped as mailed on the date of June 18th, 2015.

   In your letter, you stated, throughby your Deputy, Amande Markham,
that there is no pending detailers or Revocations. I filed a Motion
For Speedy Revocation Hearing, but it appears that the Motion has not
been filed and/or produced to the Judge of this Court.

   The Court of Criminal Appeals stated in it's response that the Probation
has not been revoked and acts as if they can not make a ruling on any
of my Writ of Habeas Corpus due to the Probation not being revoke. They
have Dismissed as writs due to that reason.

   I asked you to file that Motion before the Court and produce an order
to the Warden of this Unit to have me bench warranted back to the County
Court for the purpose of resolving this unresolved matter. There must
be a hearing held in order to produce evidence that there is no pending
detainers/revocations or the case has been revoked and sentencing imposed.
A hearing must be held and I be bend warranted back to the County to
appear at the hearing. Do your computer/records show the probation was revoked?

   The Court was provided 20 days in which to bench warrant me to the
said Court to resolve this matter. Please place me on your docket for
a Revocation Hearing July 12, 2005, tp either resolve the detainer or
have the Probation Revoked and sentence imposed, so that I may further
litigate this matter.

   Also, please write the name and address as returned as I have written
it below. Your assistance will be greatly appreciated in this matter.

                                              Without Prejudice


                                              Jenrard McGary
                                              C/O Allred Unit 790608
                                              2101 FM 369 North
                                              Iowa Park, Texas
                                                          76367

## Application To Proceed
## In Forma Pauperis

I, Jerrard McGary, declare, depose, and say I am the plaintiff in the above entitled case. In support of my motion to proceed without being required to prepay fees, losts, or give security, therefore, I state because of my proverty, I am unable to pay in advance for filing fee for said proceeding or to give Security of the filing fee. I believe I am entitled relief.

I further declare the response which I have made below are true.

Have you received, within the last 12 months, any money from any of the following sources?

(a) Business, professional or from self-employment        yes___ no __/__

(b) Rent Payment, interest or dividends?        yes___ no __/__

(c) Pensions, annuities or life insurance payment?        yes___ no __/__

(d) Gifts or Inheritances?        yes___ no __/__

(e) Family or friends?        yes _/_ no ___

(f) Any other sources        yes___ no __/__

If you answered yes to any of the Questions above, describe each of money and state the amount received from each during the past 12 months

_____ family - $400 - $900 _____

Do you own cash, or do you have money in a checking or saving account, including any funds in prison account ?        yes___ no __/__

If you answered yes to any of the Questions above, state the total value of the items owned.

Do you own real estate, stocks, bonds, note, automobiles, or other valuable property, excluding ordinary household furnishings and clothing? yes__ no _/_

1.

If you answered yes, describe the property and state its approximate value.

_____

_____

I understand a false statement in answer to any question in this affidavit subject me to penalties for perjury. I declare under penalty of perjury that the foregoing is true and correct.

Signed this the __30th_ day of _July,_ 2015.

By: _Jerrard McGary_
Jerrard McGary

2.